Galvin B. Kennedy, *Pro Hac Vice*
gkennedy@kennedyhodges.com
Gabriel Assaad, *Pro Hac Vice*
gassaad@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama Street
Houston, TX 77006
Telephone: (713) 523-0001
713-523-1116

John M. Padilla (Cal. Bar No. 279815)
jpadilla@pandrlaw.com
PADILLA & RODRIGUEZ, L.L.P.
601 South Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: (213) 244-1401
Facsimile: (213) 244-1402

Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
jsagafi@outtengolden.com
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

Christopher McNerney *Pro Hac Vice*
cmcnerney@outtengolden.com
OUTTEN & GOLDEN LLP
3 Park Ave
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

*Attorneys for Plaintiffs and proposed class members*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| LYLE E. GALEENER, MATTHEW VARGAS, ERIK BROWN, JESSE HOWELL, KEITH BROWN, and JOSEPH METKO, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>SOURCE REFRIGERATION & HVAC, INC.,<br><br>          Defendant. | Case No. 3:13-cv-04960<br><br>**FIRST CLASS AND COLLECTIVE ACTION AMENDED COMPLAINT FOR VIOLATION OF FLSA AND STATE LAW**<br><br>CLASS ACTION, COLLECTIVE ACTION, AND REPRESENTATIVE ACTION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lyle E. Galeener, Matthew Vargas, Erik Brown, Jesse Howell, Keith Brown, and Joseph Metko ("Plaintiffs"), on behalf of themselves and all others similarly situated file this class and representative action (the "Complaint") against Source Refrigeration & HVAC, Inc. ("Defendant" or "Source Refrigeration"), and allege as follows:

## INTRODUCTION

1.    Plaintiffs worked more than forty (40) hours in a workweek as hourly-paid employees for Defendant.

2.    Defendant is a service provider of refrigeration and HVAC systems for various customers throughout the United States. Specifically, Defendant contracts with companies such as grocery stores to provide repair and maintenance to their refrigeration units used to store food. Some of these grocery stores are located throughout the United States, including in Arizona, California, Colorado, Florida, Georgia, Idaho, Nevada, New Mexico, Oregon, Texas, and Washington.

3.    Plaintiffs are current and former non-exempt hourly-paid employees employed by Defendant. Plaintiffs and Class Members were employed by Defendant as service technicians to repair and maintain its customers' machines. Defendant paid Plaintiffs and Class Members on an hourly basis. Defendant has a written payroll policy and/or implemented practice of paying its service technicians different hourly rates of pay based on the shifts worked.

4.    No part of Plaintiffs' compensation was based on a salary.

5.    Defendant likewise did not pay overtime to other similarly situated hourly-paid workers employed by Source Refrigeration throughout the United States. Those other workers, hereinafter referred to as FLSA Class Members, should receive notice of their right to join this suit.

6.      Plaintiffs, individually and on behalf of all others similarly situated, seek to recover unpaid wages and other damages owed under (1) the Fair Labor Standards Act ("FLSA") as a 29 U.S.C. § 216 collective action, (2) the Arizona Revised Statute, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (3) the California Labor Code, Business and Professions Code and any applicable Wage Orders as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (4) the Colorado Revised Statute, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (5) the Florida Minimum Wage Law, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (6) the Georgia Minimum Wage Law, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (7) the Idaho Code, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (8) the Nevada Revised Statutes, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (9) the New Mexico Minimum Wage Act, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (10) the Oregon Revised Statutes, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (11) the principles of quantum meruit, pursuant to Texas, Alabama, Minnesota, Montana, Nebraska, Oklahoma, North Carolina, Oklahoma, South Carolina, Tennessee, Utah, and Wyoming laws, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and (12) the Washington Minimum Wage Act, Revised Code of Washington, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## **JURISDICTION**

7.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

## **VENUE**

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

8.      Venue is proper in the Northern District of California because a substantial portion of the events forming the basis of this suit occurred in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

9.      A substantial part of the events or omissions which give rise to the claims occurred in San Francisco County and/or adjacent counties in the San Francisco Division, and therefore this action is properly assigned to the San Francisco Division pursuant to Local Rule 3-2(c),(d).

## PARTIES AND PERSONAL JURISDICTION

10.      Plaintiff **Lyle Galeener** is an individual currently residing in Nevada.  Plaintiff Galeener worked for Defendant as a service technician during the relevant state class periods in Arizona, California, Nevada, and Texas.  Plaintiff Galeener's written consent form has been previously filed in this action.

11.      Plaintiff **Mathew Vargas** is an individual residing in Colorado.  Plaintiff Vargas worked for Defendant as a service technician during the Colorado state class period in Colorado. Plaintiff Vargas's written consent form is attached here as Exhibit A.

12.      Plaintiff **Erik Brown** is an individual residing in Florida.  Plaintiff Erik Brown worked for Defendant as a service technician during the relevant state class periods in Florida, Georgia, and Oregon.  Plaintiff Erik Brown's written consent form has been previously filed in this action.

13.      Plaintiff **Jesse Howell** is an individual residing in Idaho.  Plaintiff Howell worked for Defendant as a service technician during the Idaho state class period in Idaho.  Plaintiff Howell's written consent form is on file in *Hamer v. Source Refrigeration & HVAC, Inc.*, No. 14

Civ. 570 (W.D. Tex.), and by stipulation with Defendant that written consent form is deemed filed in this action.

14.    Plaintiff **Keith Brown** is an individual residing in New Mexico. Plaintiff Keith Brown worked for Defendant as a service technician during the Idaho state class period in Idaho. Plaintiff Keith Brown's written consent form is on file in *Hamer v. Source Refrigeration & HVAC, Inc.*, No. 14 Civ. 570 (W.D. Tex.), and by stipulation with Defendant that written consent form is deemed filed in this action.

15.    Plaintiff **Sean Hamer** is an individual residing in Texas.  Plaintiff Hamer worked for Defendant as a service technician during the Rule 23 Quantum Meruit state class period in Texas.  Plaintiff Hamer's written consent form is on file in *Hamer v. Source Refrigeration & HVAC, Inc.*, No. 14 Civ. 570 (W.D. Tex.), and by stipulation with Defendant that written consent form is deemed filed in this action.

16.    Plaintiff **Joseph Metko** is an individual currently residing in Texas, and who worked for Defendant as a service technician Defendant as a service technician during the relevant state class periods in Washington.  Plaintiff Joseph Metko's written consent form is on file in *Hamer v. Source Refrigeration & HVAC, Inc.*, No. 14 Civ. 570 (W.D. Tex.), and by stipulation with Defendant that written consent form is deemed filed in this action.

17.    Defendant **Source Refrigeration & HVAC, Inc.** is a domestic for-profit corporation doing business in California.

18.    This Court has personal jurisdiction over Defendant Source Refrigeration & HVAC, Inc. because said Defendant is a California corporation.  Defendant also purposefully availed itself of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of

First Amended Complaint                                      Case No. 3:13-cv-04960 VC

jurisdiction over said Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

19.    Defendant has and continues to have continuous and systematic contacts with the state of California sufficient to establish general jurisdiction over said Defendant.

20.    In particular, Defendant contracts with residents and businesses in California for its services provided by its workforce.  Defendant advertises in California.  Defendant also has multiple offices in California.

21.    Said Defendant advertises, employs workers, owns property, and contracts with residents and businesses in California.  Defendant provides refrigeration and HVAC maintenance services by California residents hired to perform said work.

22.    This cause of action arose from or relates to the contacts of Defendant with California residents, thereby conferring specific jurisdiction over said Defendant as well.

23.    This cause of action arose from or relates to work done in California for which Defendant owes earned wages.

24.    In particular, Defendant employed California citizens and failed to pay them for hours worked in excess of forty (40) hours in accordance with the FLSA and the California Labor Code.  This claim is based on the exact contact that Defendant has had with the forum state.

25.    Furthermore, Defendant engaged in activities constituting business in the state of California in that Defendant contracted with California residents, performance of the agreements with its customers in whole or in part thereof was to occur in California and Defendant recruits or has recruited California residents for employment inside or outside this state.

First Amended Complaint                                        Case No. 3:13-cv-04960 VC

## CLASS AND COLLECTIVE DEFINITIONS

26.      The Rule 23 **Arizona Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Arizona at any time starting three years prior to the filing of the initial Complaint through the present

27.      The Rule 23 **California Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in California at any time starting four years prior to the filing of the initial Complaint through the present.

28.      The Rule 23 **Colorado Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Colorado at any time starting three years prior to the filing of the initial Complaint through the present.

29.      The Rule 23 **Florida Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Florida at any time starting five years prior to the filing of the initial Complaint through the present.

30.      The Rule 23 **Georgia Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Georgia at any time starting two years prior to the filing of the initial Complaint through the present.

31.      The Rule 23 **Idaho Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Idaho at any time starting two years prior to the filing of the initial Complaint through the present.

32.      The Rule 23 **Nevada Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Nevada at any time starting six years prior to the filing of the initial Complaint through the present.

First Amended Complaint                                                    Case No. 3:13-cv-04960 VC

33.    The Rule 23 **New Mexico Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in New Mexico at any time starting three years prior to the filing of the initial Complaint through the present.

34.    The Rule 23 **Oregon Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Oregon at any time starting two years prior to the filing of the initial Complaint through the present.

35.    The Rule 23 **Quantum Meruit Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Texas, Alabama, Minnesota, Montana, Nebraska, Oklahoma, North Carolina, Oklahoma, South Carolina, Tennessee, Utah, and Wyoming at any time starting from the beginning of the relevant state statute of limitations periods, calculated back from when this lawsuit was filed, through the present.

36.    The Rule 23 **Washington Class Members** are all current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Washington at any time starting three years prior to the filing of the initial Complaint through the present.

37.    The **FLSA Class Members** are all current and former non-exempt hourly paid service technicians who worked at least one week for Source Refrigeration & HVAC, Inc. throughout the United States, at any time starting three years prior to the filing of the initial Complaint through the present.

## **FLSA COVERAGE**

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

38.     At all material times, Defendant has been an employer within the meaning of section 3(d) of the FLSA.  29 U.S.C. § 203(d).

39.     At all material times, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA.  29 U.S.C. § 203(r).

40.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

41.     Source Refrigeration has an annual gross business volume of not less than $500,000.

42.     Defendant controlled the hours to be worked by Plaintiff and Class Members.

43.     Defendant provided training to Plaintiff and Class Members.

44.     Defendant directed the work of Plaintiff and Class Members.

45.     Defendant maintained communication with Plaintiff and Class Members and received updates as to the status of their work.

46.     Defendant provided direction on how each assigned task was to be performed by Plaintiff and Class Members.

## **FACTS**

47.     Source Refrigeration is a service provider of refrigeration and HVAC systems for various customers throughout the United States.

First Amended Complaint                                Case No. 3:13-cv-04960 VC

48. Defendant operates its business throughout the United States, including in the following states: Arizona, California, Colorado, Florida, Georgia, Idaho, Nevada, New Mexico, Oregon, Texas, and Washington.

49. Defendant contracts with companies such as grocery stores to provide repair and maintenance to their refrigeration units used to store food throughout the United States, including in the states of Arizona, California, Colorado, Florida, Georgia, Idaho, Nevada, New Mexico, Oregon, Texas, and Washington.

50. Defendant employs service technicians to provide these services for its customers in each of those states.

51. Defendant does not have any written employment contract with any of its service technicians.

52. Defendant does not have any oral employment contract with any of its service technicians.

53. Defendant does not have a collective bargaining agreement with any of its service technicians.

54. Plaintiffs are non-exempt hourly-paid employee employed by Source Refrigeration.

55. Plaintiffs were given the job title of service technician by Source Refrigeration.

56. Plaintiffs' primary job duty was to repair and maintain Source Refrigeration's customers' machines.

57. Plaintiffs were treated and held out by Source Refrigeration as an employee and he performed job duties which reflected such status.

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

58.     Although Defendant required Plaintiffs to work more than forty (40) hours per workweek, which he did frequently, Defendant did not compensate them at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.  That is, Defendant did not compensate Plaintiffs for overtime hours at the appropriate rate.

59.     Defendant maintained a written payroll policy and/or implemented practice of paying its service technicians different hourly rates of pay based on the shifts worked.

60.     Defendant improperly treated these higher hourly rates as premium overtime pay to satisfy its legal obligation to pay overtime under the FLSA.

61.     For example, Defendant paid Lyle Galeener a regular hourly rate of $21.10 during much of his employment.  When Lyle Galeener worked any hours between Monday and Friday after 5:00 PM and before 7:00 AM, Defendant paid him $ 31.65 per hour.  Defendant paid Lyle Galeener $31.65 per hour even when he did not work any other hours on the same work day.  The higher rate of pay was not contingent upon any other hours having been worked on the same work day.  The higher rate of pay was not contingent upon any other hours having been worked in the same workweek.  As such, the higher rate of pay for the evening shift was a shift differential.

62.     Defendant used a similar pay policy for each of its other branch offices in the states referenced above and for each of the Class Members.

63.     Defendant also failed to pay Plaintiffs and the Class Members and the FLSA Class Members for "standby time" from Monday through Friday.  By way of example, if a service technician was assigned to start his/her workday at one location at 8:00 AM until 10:00 AM and then start a new job at 10:30 AM to 12:00 noon, Defendant as a matter of policy and practice did not compensate such service technician for the time between 10:00 AM and 10:30

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

AM.  While the service technicians waited for the next job assignment, Defendant restricted how

its service technicians could use their time.  Defendant, for example, required the service

technicians to drive company vehicles, but refused to allow them to run any personal errands

whatsoever in such vehicles even during the thirty-minute period described above.  Defendant

also had a universal policy of prohibiting such service technicians from letting their family

members or friends travel in such vehicles at any time, whether they were being paid by

Defendant or not.  Under Defendant's policy, service technicians were subject to termination if

they violated this written policy.

64.     This "standby time" is compensable under the FLSA and the state laws invoked in

this complaint.

65.     Defendant also denied Plaintiffs and Class Members compensation for other time

worked.  Specifically, Defendant failed to compensate them for attending mandatory meetings,

"on-call" time in the evenings and weekends, work done at home researching particular customer

problems and troubleshooting, ordering parts, talking to customers, communicating with

supervisors and other technicians, reviewing their job queue on their handheld devices, sending

and responding to emails, and other required activities that formed part of their principal job.

66.     No FLSA exemption applies to hourly-paid employees such as Plaintiff.

67.     Plaintiffs are non-exempt employee entitled to overtime wages under the FLSA.

68.     Despite these facts, Defendant failed to pay Plaintiffs and Class Members at the

federally mandated rate of time and a half for overtime worked as statutorily required of an

employer pursuant to the FLSA.

First Amended Complaint                                          Case No. 3:13-cv-04960 VC

69.     Defendant's method of paying Plaintiffs and Class Members in violation of the FLSA was willful, and was not based on a good faith nor a reasonable belief that its conduct complied with the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

70.     Plaintiffs has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) per workweek.  Plaintiffs worked with other Source Refrigeration hourly-paid employees, and as such, have personal knowledge of their existence, status as Defendant's employees, hourly pay compensation scheme, and the overtime violations.

71.     Other employees similarly situated to Plaintiffs worked for Defendant in a similar capacity and were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

72.     Source Refrigeration has employed more than 300 such employees who worked throughout the United States, including in Arizona, California, Colorado, Florida, Georgia, Idaho, Nevada, New Mexico, Oregon, Texas, and Washington during the last three years who were paid an hourly rate.

73.     Such workers worked more than 40 hours per week during at least one week in the last three years.

74.     Such workers were at times not compensated at all for work in excess of forty (40) hours in a workweek.

75.     Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them any compensation for their hours worked over forty (40).

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

76.    FLSA Class Members perform or have performed the same or similar work as Plaintiff.

77.    FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

78.    Defendant classifies its service technicians using eight different job levels based on the service technician's level of experience.  However, all such service technicians are hourly-paid and are classified by Defendant as non-exempt.  Moreover, all such service technicians are subject to the same payroll policies of not being paid for standby time and failing to use the weighted average of all regular hourly rates applied to determine each service technician's overtime rate.

79.    The policy of illegally treating the higher hourly rates as premium overtime pay in violation of the FLSA is universal across the defined FLSA Class and forms the basis of the overtime violation.

80.    FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

81.    As such, FLSA Class Members are similar to Plaintiffs in terms of pay structure and/or the denial of overtime.

82.    Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

83.    The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Class Members.

First Amended Complaint                                              Case No. 3:13-cv-04960 VC

84.    The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

85.    All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the rate of time and a half for hours worked in excess of forty (40) during a workweek.

86.    Although the exact amount of damages may vary among FLSA Class Members, the damages for the Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts.   Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

87.    As such, the "FLSA Class" of similarly situated Plaintiffs is properly defined as follows:

> **The FLSA Class Members are all current and former non-exempt hourly paid service technicians who worked at least one week for Source Refrigeration & HVAC, Inc. in the United States at any time starting three years prior to the filing of the initial Complaint through the present.**

## ARIZONA CLASS ALLEGATIONS

88.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

89.    Plaintiff Galeener brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "Arizona Class," which is comprised of:

> **All current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Arizona at any time starting three years prior to the filing of the initial Complaint through the present.**

90.    <u>Numerosity</u>.  The number of members in the Arizona Class is believed to be at

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

1  least twenty individuals. This size makes bringing the claims of each individual member of the

2  class before this Court impracticable. Likewise, joining each individual member of the Arizona

3  Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of

4  the Arizona Class will be determined from Defendant's records, as will the compensation paid to

5  each of them. As such, a class action is a reasonable and practical means of resolving these

6  claims. To require individual actions would prejudice the Arizona Class and Defendant.

7      91.  Typicality. Plaintiff Galeener's claims are typical of the Arizona Class because

8  like the members of the Arizona Class, Plaintiff Galeener was subject to Defendant's uniform

9  policies and practices and was compensated in the same manner as others in the Arizona Class.

10  Defendant failed to pay non-exempt Source Refrigeration employees minimum wages and

11  overtime compensation for all of their hours worked, including overtime hours. All members of

12  the Arizona Class worked substantially more than (40) hours in a week. Plaintiff Galeener and

13  the Arizona Class were paid at hourly rates below the correctly calculated overtime rate for hours

14  worked over forty (40) in a workweek. Plaintiff Galeener and the Arizona Class have been

15  uncompensated and/or under-compensated as a result of Defendant's common policies and

16  practices which failed to comply with Arizona law.

17
18

19      92.  Adequacy. Plaintiff Galeener is a representative party who will fairly and

20  adequately protect the interests of the Arizona Class because it is in his interest to effectively

21  prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required

22  under Arizona law. Plaintiff Galeener has retained attorneys who are competent in both class

23  actions and wage and hour litigation. Plaintiff Galeener does not have any interest which may be

24  contrary to or in conflict with the claims of the Arizona Class he seeks to represent.

25
26      93.  Commonality. Common issues of fact and law predominate over any individual

27

28  First Amended Complaint                                    Case No. 3:13-cv-04960 VC

questions in this matter.  The common issues of fact include, but are not limited to:

      a.     Whether Plaintiff  Galeener and the Arizona Class worked more than forty (40) hours in a workweek;

      b.     Whether Defendant failed to pay Plaintiff Galeener and the Arizona Class overtime wages for all hours worked over forty (40) hours in a workweek;

      c.     Whether Defendant failed to pay Plaintiff Galeener and the Arizona Class minimum wages for all hours worked; and

      d.     Whether Defendant failed to pay Plaintiff Galeener and the Arizona Class the correctly calculated overtime wage for hours worked.

94.     The common issues of law include, but are not limited to:

      a.     Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

      b.     Whether the standby time between jobs is compensable time worked;

      c.     Whether Defendant can claim an exemption for Plaintiff Galeener and the Arizona  Class;

      d.     Whether Plaintiff Galeener and the Arizona Class are entitled to compensatory damages;

      e.     The proper measure of damages sustained by Plaintiff Galeener and the Arizona Class; and

      f.     Whether Defendant's actions were "willful."

95.     Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Arizona Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Arizona Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

96.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Arizona Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Arizona Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of members of the Arizona Class is readily identifiable from Defendant's records.

97.     This type of case is well-suited for class action treatment because:  (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees.

98.     Ultimately, a class action is a superior form to resolve the Arizona claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff Galeener and the Arizona Class according to applicable Arizona laws.

## CALIFORNIA CLASS ALLEGATIONS

99.     Plaintiffs incorporate all other paragraphs as though fully set forth herein.

100.    Plaintiff Galeener brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "California Class," which is comprised of:

> **All current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in California at any time starting four years prior to the filing of the initial Complaint through the present.**

101.    <u>Numerosity</u>.  The number of members in the California Class is believed to be at

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

least twenty individuals.  This size makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the California Class will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the California Class and Defendant.

102.    Typicality.  Plaintiff Galeener's claims are typical of the California Class because like the members of the California Class, Plaintiff Galeener was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the California Class. Defendant failed to pay non-exempt Source Refrigeration employees minimum wages and overtime compensation for all of their hours worked, including overtime hours.  All members of the California Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week.  Plaintiff Galeener and the California Class were paid at hourly rates below the correctly calculated overtime rate for hours worked over forty (40) in a workweek and over eight (8) in a work day.  Plaintiff Galeener and the California Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with California law.

103.    Adequacy.  Plaintiff Galeener is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law.  Plaintiff Galeener has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff Galeener does not have any interest which may be

First Amended Complaint                                   Case No. 3:13-cv-04960 VC

contrary to or in conflict with the claims of the California Class he seeks to represent.

104.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.    Whether Plaintiff Galeener and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

b.    Whether Defendant failed to pay Plaintiff Galeener and the California Class overtime wages for all hours worked over eight (8) hours in a day and/or forty (40) hours in a workweek;

c.    Whether Defendant failed to pay Plaintiff Galeener and the California Class minimum wages for all hours worked;

d.    Whether Defendant failed to pay Plaintiff Galeener and the California Class the correctly calculated overtime wage for hours worked;

e.    Whether Defendant failed to pay Plaintiff Galeener and the California Class all of their wages earned and due upon the termination of their employment; and

f.    Whether Defendant failed to provide or authorize meal periods and rest periods for Plaintiff Galeener and the California Class.

105.    The common issues of law include, but are not limited to:

a.    Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

b.    Whether the standby time between jobs is compensable time worked;

c.    Whether Defendant can claim an exemption for Plaintiff Galeener and the California Class;

d.    Whether Plaintiff Galeener and the members of the California Class, who are no longer employed by Defendant, are entitled to waiting time penalties for Defendant's failure to pay all of their wages upon termination of their employment;

e.    Whether Defendant's policies and practices provide and authorize meal and rest periods in compliance with California law;

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

f.      Whether Plaintiff Galeener and the California Class are entitled to compensatory damages;

g.      The proper measure of damages sustained by Plaintiff Galeener and the California Class; and

h.      Whether Defendant's actions were "willful."

106.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the California Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

107.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual California Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the California Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of members of the California Class is readily identifiable from Defendant's records.

108.    This type of case is well-suited for class action treatment because:  (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might

First Amended Complaint                                                    Case No. 3:13-cv-04960 VC

1  apply; and (3) the burden is on Defendant to accurately record hours worked by employees and

2  meal periods taken.

3      109.    Ultimately, a class action is a superior form to resolve the California claims

4  detailed herein because of the common nucleus of operative facts centered on the continued

5  failure of Defendant to pay Plaintiff Galeener and the California Class according to applicable

6  California laws.

## COLORADO CLASS ALLEGATIONS

7      110.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

8

9      111.    Plaintiff Vargas brings this action as a class action pursuant to Rule 23 of the

10 Federal Rules of Civil Procedure on behalf of the "Colorado Class," which is comprised of:

11

12         **All current and former non-exempt hourly paid service**
           **technicians who worked for Source Refrigeration & HVAC,**
13         **Inc. in Colorado at any time starting three years prior to the**
           **filing of the initial Complaint through the present.**
14

15      112.    Numerosity.  The number of members in the Colorado Class is believed to be at

16 least twenty individuals.  This size makes bringing the claims of each individual member of the

17 class before this Court impracticable.  Likewise, joining each individual member of the Colorado

18 Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of

19 the Colorado Class will be determined from Defendant's records, as will the compensation paid

20 to each of them.  As such, a class action is a reasonable and practical means of resolving these

21 claims.  To require individual actions would prejudice the Colorado Class and Defendant.

22

23      113.    Typicality.  Plaintiff Vargas's claims are typical of the Colorado Class because

24 like the members of the Colorado Class, Plaintiff Vargas was subject to Defendant's uniform

25 policies and practices and was compensated in the same manner as others in the Colorado Class.

26

27

28

First Amended Complaint                                          Case No. 3:13-cv-04960 VC

Defendant failed to pay non-exempt Source Refrigeration employees minimum wages and overtime compensation for all of their hours worked, including overtime hours.  All members of the Colorado Class worked substantially more than (40) hours in a week.  Plaintiff Vargas and the Colorado Class were paid at hourly rates below the correctly calculated overtime rate for hours worked over forty (40) in a workweek.  Plaintiff Vargas and the Colorado Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with Colorado law.

114.    <u>Adequacy</u>.  Plaintiff Vargas is a representative party who will fairly and adequately protect the interests of the Colorado Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Colorado law.  Plaintiff Vargas has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff Vargas does not have any interest which may be contrary to or in conflict with the claims of the Colorado Class he seeks to represent.

115.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

        a.      Whether Plaintiff Vargas and the Colorado Class worked more than forty (40) hours in a workweek;

        b.      Whether Defendant failed to pay Plaintiff Vargas and the Colorado Class overtime wages for all hours worked over forty (40) hours in a workweek;

        c.      Whether Defendant failed to pay Plaintiff Vargas and the Colorado Class minimum wages for all hours worked; and

        d.      Whether Defendant failed to pay Plaintiff Vargas and the Colorado Class the correctly calculated overtime wage for hours worked.

116.    The common issues of law include, but are not limited to:

a.    Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

b.    Whether the standby time between jobs is compensable time worked;

c.    Whether Defendant can claim an exemption for Plaintiff Vargas and the Colorado Class;

d.    Whether Plaintiff Vargas and the Colorado Class are entitled to compensatory damages;

e.    The proper measure of damages sustained by Plaintiff Vargas and the Colorado Class; and

f.    Whether Defendant's actions were "willful."

117.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Colorado Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Colorado Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

118.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Colorado Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the Colorado Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of members of the Colorado Class is readily identifiable from Defendant's records.

First Amended Complaint                                      Case No. 3:13-cv-04960 VC

119.    This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees.

120.    Ultimately, a class action is a superior form to resolve the Colorado claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff Vargas and the Colorado Class according to applicable Colorado laws.

## FLORIDA CLASS ALLEGATIONS

121.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

122.    Plaintiff Erik Brown brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "Florida Class," which is comprised of:

> **All current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Florida at any time starting five years prior to the filing of the initial Complaint through the present.**

123.    Numerosity. The number of members in the Florida Class is believed to be at least twenty individuals. This size makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Florida Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Florida Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Florida Class and Defendant.

124.    Typicality. Plaintiff Erik Brown's claims are typical of the Florida Class because

like the members of the Florida Class, Plaintiff Erik Brown was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the Florida Class. Defendant failed to pay non-exempt Source Refrigeration employees minimum wages and overtime compensation for all of their hours worked, including overtime hours. All members of the Florida Class worked substantially more than (40) hours in a week. Plaintiff Erik Brown and the Florida Class were paid at hourly rates below the correctly calculated overtime rate for hours worked over forty (40) in a workweek. Plaintiff Erik Brown and the Florida Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with Florida law.

125.    <u>Adequacy</u>. Plaintiff Erik Brown is a representative party who will fairly and adequately protect the interests of the Florida Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Florida law. Plaintiff Erik Brown has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff Erik Brown does not have any interest which may be contrary to or in conflict with the claims of the Florida Class he seeks to represent.

126.    <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

a.    Whether Plaintiff Erik Brown and the Florida Class worked more than forty (40) hours in a workweek;

b.    Whether Defendant failed to pay Plaintiff Erik Brown and the Florida Class overtime wages for all hours worked over forty (40) hours in a workweek;

c.    Whether Defendant failed to pay Plaintiff Erik Brown and the Florida Class minimum wages for all hours worked; and

First Amended Complaint                                        Case No. 3:13-cv-04960 VC

d.      Whether Defendant failed to pay Plaintiff Erik Brown and the Florida Class the correctly calculated overtime wage for hours worked.

127.    The common issues of law include, but are not limited to:

a.      Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

b.      Whether the standby time between jobs is compensable time worked;

c.      Whether Defendant can claim an exemption for Plaintiff Erik Brown and the Florida Class;

d.      Whether Plaintiff Erik Brown and the Florida Class are entitled to compensatory damages;

e.      The proper measure of damages sustained by Plaintiff Erik Brown and the Florida Class; and

f.      Whether Defendant's actions were "willful."

128.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Florida Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Florida Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

129.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Florida Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

Notice of the pendency and any resolution of this action can be provided to the Florida Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication. The identity of members of the Florida Class is readily identifiable from Defendant's records.

130.     This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees.

131.     Ultimately, a class action is a superior form to resolve the Florida claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff Erik Brown and the Florida Class according to applicable Florida laws.

## GEORGIA CLASS ALLEGATIONS

132.     Plaintiffs incorporate all other paragraphs as though fully set forth herein.

133.     Plaintiff Erik Brown brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "Georgia Class," which is comprised of:

> **All current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Georgia at any time starting two years prior to the filing of the initial Complaint through the present.**

134.     <u>Numerosity</u>. The number of members in the Georgia Class is believed to be at least twenty individuals. This size makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Georgia Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Georgia Class will be determined from Defendant's records, as will the compensation paid to

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Georgia Class and Defendant.

135.    <u>Typicality</u>.  Plaintiff Erik Brown's claims are typical of the Georgia Class because like the members of the Georgia Class, Plaintiff Erik Brown was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the Georgia Class.  Defendant failed to pay non-exempt Source Refrigeration employees minimum wages and overtime compensation for all of their hours worked, including overtime hours.  All members of the Georgia Class worked substantially more than (40) hours in a week.  Plaintiff Erik Brown and the Georgia Class were paid at hourly rates below the correctly calculated overtime rate for hours worked over forty (40) in a workweek.  Plaintiff Erik Brown and the Georgia Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with Georgia law.

136.    <u>Adequacy</u>.  Plaintiff Erik Brown is a representative party who will fairly and adequately protect the interests of the Georgia Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Georgia law.  Plaintiff Erik Brown has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff Erik Brown does not have any interest which may be contrary to or in conflict with the claims of the Georgia Class he seeks to represent.

137.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

        a.    Whether Plaintiff Erik Brown and the Georgia Class worked more than forty (40) hours in a workweek;

        b.    Whether Defendant failed to pay Plaintiff Erik Brown and the Georgia Class overtime wages for all hours worked over forty (40) hours in a

First Amended Complaint                                     Case No. 3:13-cv-04960 VC

workweek;

c.    Whether Defendant failed to pay Plaintiff Erik Brown and the Georgia Class minimum wages for all hours worked; and

d.    Whether Defendant failed to pay Plaintiff Erik Brown and the Georgia Class the correctly calculated overtime wage for hours worked.

138.    The common issues of law include, but are not limited to:

a.    Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

b.    Whether the standby time between jobs is compensable time worked;

c.    Whether Defendant can claim an exemption for Plaintiff Erik Brown and the Georgia Class;

d.    Whether Plaintiff Erik Brown and the Georgia Class are entitled to compensatory damages;

e.    The proper measure of damages sustained by Plaintiff Erik Brown and the Georgia Class; and

f.    Whether Defendant's actions were "willful."

139.    Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Georgia Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Georgia Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

140.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum,

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

judicial economy and parity among the claims of individual Georgia Class Members are

promoted.  Additionally, class treatment in this matter will provide for judicial consistency.

Notice of the pendency and any resolution of this action can be provided to the Georgia Class by

mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of

members of the Georgia Class is readily identifiable from Defendant's records.

141.    This type of case is well-suited for class action treatment because:  (1)

Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant

to prove it properly compensated its employees including any potential exemptions that might

apply; and (3) the burden is on Defendant to accurately record hours worked by employees.

142.    Ultimately, a class action is a superior form to resolve the Georgia claims detailed

herein because of the common nucleus of operative facts centered on the continued failure of

Defendant to pay Plaintiff Erik Brown and the Georgia Class according to applicable Georgia

laws.

### IDAHO CLASS ALLEGATIONS

143.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

144.    Plaintiff Howell brings this action as a class action pursuant to Rule 23 of the

Federal Rules of Civil Procedure on behalf of the "Idaho Class," which is comprised of:

> **All current and former non-exempt hourly paid service**
> **technicians who worked for Source Refrigeration & HVAC,**
> **Inc. in Idaho at any time starting two years prior to the filing**
> **of the initial Complaint through the present.**

145.    <u>Numerosity</u>.  The number of members in the Idaho Class is believed to be at least

twenty individuals.  This size makes bringing the claims of each individual member of the class

before this Court impracticable.  Likewise, joining each individual member of the Idaho Class as

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Idaho

Class will be determined from Defendant's records, as will the compensation paid to each of

them.  As such, a class action is a reasonable and practical means of resolving these claims.  To

require individual actions would prejudice the Idaho Class and Defendant.

146.  <u>Typicality</u>.  Plaintiff Howell's claims are typical of the Idaho Class because like

the members of the Idaho Class, Plaintiff Howell was subject to Defendant's uniform policies

and practices and was compensated in the same manner as others in the Idaho Class.  Defendant

failed to pay non-exempt Source Refrigeration employees minimum wages and overtime

compensation for all of their hours worked, including overtime hours.  All members of the Idaho

Class worked substantially more than (40) hours in a week.  Plaintiff Howell and the Idaho Class

were paid at hourly rates below the correctly calculated overtime rate for hours worked over

forty (40) in a workweek.  Plaintiff Howell and the Idaho Class have been uncompensated and/or

under-compensated as a result of Defendant's common policies and practices which failed to

comply with Idaho law.

147.  <u>Adequacy</u>.  Plaintiff Howell is a representative party who will fairly and

adequately protect the interests of the Idaho Class because it is in his interest to effectively

prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required

under Idaho law.  Plaintiff Howell has retained attorneys who are competent in both class actions

and wage and hour litigation.  Plaintiff Howell does not have any interest which may be contrary

to or in conflict with the claims of the Idaho Class he seeks to represent.

148.  <u>Commonality</u>.  Common issues of fact and law predominate over any individual

questions in this matter.  The common issues of fact include, but are not limited to:

First Amended Complaint                                                    Case No. 3:13-cv-04960 VC

a.  Whether Plaintiff Howell and the Idaho Class worked more than forty (40) hours in a workweek;

b.  Whether Defendant failed to pay Plaintiff Howell and the Idaho Class overtime wages for all hours worked over forty (40) hours in a workweek;

c.  Whether Defendant failed to pay Plaintiff Howell and the Idaho Class minimum wages for all hours worked; and

d.  Whether Defendant failed to pay Plaintiff Howell and the Idaho Class the correctly calculated overtime wage for hours worked.

149.  The common issues of law include, but are not limited to:

a.  Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

b.  Whether the standby time between jobs is compensable time worked;

c.  Whether Defendant can claim an exemption for Plaintiff Howell and the Idaho  Class;

d.  Whether Plaintiff Howell and the Idaho Class are entitled to compensatory damages;

e.  The proper measure of damages sustained by Plaintiff Howell and the Idaho Class; and

f.  Whether Defendant's actions were "willful."

150.  <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Idaho Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Idaho Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

151.  A class action, by contrast, presents far fewer management difficulties and affords

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Idaho Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Idaho Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication. The identity of members of the Idaho Class is readily identifiable from Defendant's records.

152.    This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees.

153.    Ultimately, a class action is a superior form to resolve the Idaho claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff Howell and the Idaho Class according to applicable Idaho laws.

## NEVADA CLASS ALLEGATIONS

154.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

155.    Plaintiff Galeener brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "Nevada Class," which is comprised of:

> **All current and former non-exempt hourly paid service**
> **technicians who worked for Source Refrigeration & HVAC,**
> **Inc. in Nevada at any time starting six years prior to the filing**
> **of the initial Complaint through the present.**

156.    <u>Numerosity</u>. The number of members in the Nevada Class is believed to be at least twenty individuals. This size makes bringing the claims of each individual member of the

- 34 -

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

class before this Court impracticable.  Likewise, joining each individual member of the Nevada Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Nevada Class will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Nevada Class and Defendant.

157.   Typicality.  Plaintiff Galeener's claims are typical of the Nevada Class because like the members of the Nevada Class, Plaintiff Galeener was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the Nevada Class. Defendant failed to pay non-exempt Source Refrigeration employees minimum wages and overtime compensation for all of their hours worked, including overtime hours.  All members of the Nevada Class worked substantially more than (40) hours in a week.  Plaintiff Galeener and the Nevada Class were paid at hourly rates below the correctly calculated overtime rate for hours worked over forty (40) in a workweek.  Plaintiff Galeener and the Nevada Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with Nevada law.

158.   Adequacy.  Plaintiff Galeener is a representative party who will fairly and adequately protect the interests of the Nevada Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Nevada law.  Plaintiff Galeener has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff Galeener does not have any interest which may be contrary to or in conflict with the claims of the Nevada Class he seeks to represent.

159.   Commonality.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

a.    Whether Plaintiff Galeener and the Nevada Class worked more than forty (40) hours in a workweek;

b.    Whether Defendant failed to pay Plaintiff Galeener and the Nevada Class overtime wages for all hours worked over forty (40) hours in a workweek;

c.    Whether Defendant failed to pay Plaintiff Galeener and the Nevada Class minimum wages for all hours worked; and

d.    Whether Defendant failed to pay Plaintiff Galeener and the Nevada Class the correctly calculated overtime wage for hours worked.

160.    The common issues of law include, but are not limited to:

a.    Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

b.    Whether the standby time between jobs is compensable time worked;

c.    Whether Defendant can claim an exemption for Plaintiff Galeener and the Nevada Class;

d.    Whether Plaintiff Galeener and the Nevada Class are entitled to compensatory damages;

e.    The proper measure of damages sustained by Plaintiff Galeener and the Nevada Class; and

f.    Whether Defendant's actions were "willful."

161.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Nevada Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Nevada Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

162.    A class action, by contrast, presents far fewer management difficulties and affords

First Amended Complaint                                                    Case No. 3:13-cv-04960 VC

the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Nevada Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Nevada Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of members of the Nevada Class is readily identifiable from Defendant's records.

163.    This type of case is well-suited for class action treatment because:  (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees.

164.    Ultimately, a class action is a superior form to resolve the Nevada claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff Galeener and the Nevada Class according to applicable Nevada laws.

## NEW MEXICO CLASS ALLEGATIONS

165.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

166.    Plaintiff Keith Brown brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "New Mexico Class," which is comprised of:

> **All current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in New Mexico at any time starting three years prior to the filing of the initial Complaint through the present.**

167.    <u>Numerosity</u>.  The number of members in the New Mexico Class is believed to be

at least twenty individuals. This size makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the New Mexico Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the New Mexico Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the New Mexico Class and Defendant.

168.    Typicality. Plaintiff Keith Brown's claims are typical of the New Mexico Class because like the members of the New Mexico Class, Plaintiff Keith Brown was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the New Mexico Class. Defendant failed to pay non-exempt Source Refrigeration employees minimum wages and overtime compensation for all of their hours worked, including overtime hours. All members of the New Mexico Class worked substantially more than (40) hours in a week. Plaintiff Keith Brown and the New Mexico Class were paid at hourly rates below the correctly calculated overtime rate for hours worked over forty (40) in a workweek. Plaintiff Keith Brown and the New Mexico Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with New Mexico law.

169.    Adequacy. Plaintiff Keith Brown is a representative party who will fairly and adequately protect the interests of the New Mexico Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under New Mexico law. Plaintiff Keith Brown has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff Keith Brown does not

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

have any interest which may be contrary to or in conflict with the claims of the New Mexico

Class he seeks to represent.

170.   <u>Commonality</u>.  Common issues of fact and law predominate over any individual

questions in this matter.  The common issues of fact include, but are not limited to:

a.   Whether Plaintiff Keith Brown and the New Mexico Class worked more than forty (40) hours in a workweek;

b.   Whether Defendant failed to pay Plaintiff Keith Brown and the New Mexico Class overtime wages for all hours worked over forty (40) hours in a workweek;

c.   Whether Defendant failed to pay Plaintiff Keith Brown and the New Mexico Class minimum wages for all hours worked; and

d.   Whether Defendant failed to pay Plaintiff Keith Brown and the New Mexico Class the correctly calculated overtime wage for hours worked.

171.   The common issues of law include, but are not limited to:

a.   Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

b.   Whether the standby time between jobs is compensable time worked;

c.   Whether Defendant can claim an exemption for Plaintiff Keith Brown and the New Mexico  Class;

d.   Whether Plaintiff Keith Brown and the New Mexico Class are entitled to compensatory damages;

e.   The proper measure of damages sustained by Plaintiff Keith Brown and the New Mexico Class; and

f.   Whether Defendant's actions were "willful."

172.   <u>Superiority</u>.  A class action is superior to other available means for the fair and

efficient adjudication of this lawsuit.  Even in the event any member of the New Mexico Class

could afford to pursue individual litigation against companies the size of Defendant, doing so

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the New Mexico Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

173.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual New Mexico Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the New Mexico Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of members of the New Mexico Class is readily identifiable from Defendant's records.

174.    This type of case is well-suited for class action treatment because:  (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees.

175.    Ultimately, a class action is a superior form to resolve the New Mexico claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff Keith Brown and the New Mexico Class according to applicable New Mexico laws.

## OREGON CLASS ALLEGATIONS

176.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

177.    Plaintiff Erik Brown brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "Oregon Class," which is comprised of:

> **All current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Oregon at any time starting two years prior to the filing of the initial Complaint through the present.**

178.    <u>Numerosity</u>.  The number of members in the Oregon Class is believed to be at least twenty individuals.  This size makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Oregon Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Oregon Class will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Oregon Class and Defendant.

179.    <u>Typicality</u>.  Plaintiff Erik Brown's claims are typical of the Oregon Class because like the members of the Oregon Class, Plaintiff Erik Brown was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the Oregon Class.  Defendant failed to pay non-exempt Source Refrigeration employees minimum wages and overtime compensation for all of their hours worked, including overtime hours.  All members of the Oregon Class worked substantially more than (40) hours in a week.  Plaintiff Erik Brown and the Oregon Class were paid at hourly rates below the correctly calculated overtime rate for hours worked over forty (40) in a workweek.  Plaintiff Erik Brown and the Oregon Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with Oregon law.

180.    <u>Adequacy</u>.  Plaintiff Erik Brown is a representative party who will fairly and

adequately protect the interests of the Oregon Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Oregon law.  Plaintiff Eric Brown has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff Eric Brown does not have any interest which may be contrary to or in conflict with the claims of the Oregon Class he seeks to represent.

181.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

   a.    Whether Plaintiff Erik Brown and the Oregon Class worked more than forty (40) hours in a workweek;

   b.    Whether Defendant failed to pay Plaintiff Erik Brown and the Oregon Class overtime wages for all hours worked over forty (40) hours in a workweek;

   c.    Whether Defendant failed to pay Plaintiff Erik Brown and the Oregon Class minimum wages for all hours worked; and

   d.    Whether Defendant failed to pay Plaintiff Erik Brown and the Oregon Class the correctly calculated overtime wage for hours worked.

182.    The common issues of law include, but are not limited to:

   a.    Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

   b.    Whether the standby time between jobs is compensable time worked;

   c.    Whether Defendant can claim an exemption for Plaintiff Erik Brown and the Oregon  Class;

   d.    Whether Plaintiff Erik Brown and the Oregon Class are entitled to compensatory damages;

   e.    The proper measure of damages sustained by Plaintiff Erik Brown and the Oregon Class; and

   f.    Whether Defendant's actions were "willful."

First Amended Complaint                                          Case No. 3:13-cv-04960 VC

183.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Oregon Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Oregon Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

184.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Oregon Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the Oregon Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of members of the Oregon Class is readily identifiable from Defendant's records.

185.    This type of case is well-suited for class action treatment because:  (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees.

186.    Ultimately, a class action is a superior form to resolve the Oregon claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff Erik Brown and the Oregon Class according to applicable Oregon laws.

**QUANTUM MERUIT CLASS ALLEGATIONS**

187.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

188.    Plaintiff Hamer brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "Quantum Meruit Class," which is comprised of:

> **All current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Texas, Alabama, Minnesota, Montana, Nebraska, Oklahoma, North Carolina, South Carolina, Tennessee, Utah, and Wyoming at any time starting three years prior to the filing of the initial Complaint through the present.**

189.    <u>Numerosity</u>.  The number of members in the Quantum Meruit Class is believed to be at least twenty individuals.  This size makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Quantum Meruit Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Quantum Meruit Class will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Quantum Meruit Class and Defendant.

190.    <u>Typicality</u>.  Plaintiff Hamer's claims are typical of the Quantum Meruit Class because like the members of the Quantum Meruit Class, Plaintiff Hamer was subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the Quantum Meruit Class.  Defendant failed to pay non-exempt Source Refrigeration employees minimum wages and overtime compensation for all of their hours worked, including overtime hours.  All members of the Quantum Meruit Class worked substantially more than (40)

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

hours in a week.  Plaintiff Hamer and the Quantum Meruit Class were paid at hourly rates below the correctly calculated overtime rate for hours worked over forty (40) in a workweek.  Plaintiff Hamer and the Quantum Meruit Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with the respective state laws.

191.    <u>Adequacy</u>.  Plaintiff Hamer is a representative party who will fairly and adequately protect the interests of the Quantum Meruit Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under the respective state laws.  Plaintiff Hamer has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff Hamer does not have any interest which may be contrary to or in conflict with the claims of the Quantum Meruit Class he seeks to represent.

192.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

     a.    Whether Plaintiff Hamer and the Quantum Meruit Class performed work that benefited Defendant;

     b.    Whether Plaintiff Hamer and the Quantum Meruit  Class worked more than forty (40) hours in a workweek;

     c.    Whether Plaintiff Hamer and the Quantum Meruit Class expected to be compensated for their work;

     d.    Whether Defendant failed to pay Plaintiff Hamer and the Quantum Meruit Class overtime wages for all hours worked over forty (40) hours in a workweek;

     e.    Whether Defendant failed to pay Plaintiff Hamer and the Quantum Meruit Class minimum wages for all hours worked; and

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

f.      Whether Defendant failed to pay Plaintiff Hamer and the Quantum Meruit Class the correctly calculated overtime wage for hours worked.

193.    The common issues of law include, but are not limited to:

a.      Whether the laws of quantum meruit in the Quantum Meruit states are sufficiently similar that the Quantum Meruit Class Members' claims can be adjudicated together;

b.      Whether it was unjust for Defendant to retain the benefit of Plaintiffs' work without compensating them fully for their work;

c.      Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

d.      Whether the standby time between jobs is compensable time worked; and

e.      The proper measure of damages sustained by Plaintiff Hamer and the Quantum Meruit Class; and

194.    Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Quantum Meruit Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Quantum Meruit Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

195.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Quantum Meruit Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.

First Amended Complaint                                          Case No. 3:13-cv-04960 VC

Notice of the pendency and any resolution of this action can be provided to the Quantum Meruit Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of members of the Quantum Meruit Class is readily identifiable from Defendant's records.

196.    This type of case is well-suited for class action treatment because:  (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees.

197.    Ultimately, a class action is a superior form to resolve the Quantum Meruit claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff Hamer and the Quantum Meruit Class according to applicable state laws, whether that failure benefited Defendant, and whether it would be unjust for Defendant to retain that benefit.

## WASHINGTON CLASS ALLEGATIONS

198.    Plaintiff Joseph Metko incorporates all other paragraphs as though fully set forth herein.

199.    Plaintiff Joseph Metko brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "Washington Class," which is comprised of:

> **All current and former non-exempt hourly paid service technicians who worked for Source Refrigeration & HVAC, Inc. in Washington at any time starting three years prior to the filing of the initial Complaint through the present.**

200.    <u>Numerosity</u>.  The number of members in the Washington Class is believed to be

First Amended Complaint                                           Case No. 3:13-cv-04960 VC

1  at least twenty individuals.  This size makes bringing the claims of each individual member of

2  the class before this Court impracticable.  Likewise, joining each individual member of the

3  Washington Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the

4  members of the Washington Class will be determined from Defendant's records, as will the

5  compensation paid to each of them.  As such, a class action is a reasonable and practical means

6  of resolving these claims.  To require individual actions would prejudice the Washington Class

7  and Defendant.

8       201.   <u>Typicality</u>.  Plaintiff Joseph Metko's claims are typical of the Washington Class

9  because like the members of the Washington Class, Plaintiff Joseph Metko was subject to

10  Defendant's uniform policies and practices and was compensated in the same manner as others

11  in the Washington Class.  Defendant failed to pay non-exempt Source Refrigeration employees

12  minimum wages and overtime compensation for all of their hours worked, including overtime

13  hours.  All members of the Washington Class worked substantially more than (40) hours in a

14  week.  Plaintiff Joseph Metko and the Washington Class were paid at hourly rates below the

15  correctly calculated overtime rate for hours worked over forty (40) in a workweek.  Plaintiff

16  Joseph Metko and the Washington Class have been uncompensated and/or under-compensated as

17  a result of Defendant's common policies and practices which failed to comply with Washington

18  law.

19       202.   <u>Adequacy</u>.  Plaintiff Joseph Metko is a representative party who will fairly and

20  adequately protect the interests of the Washington Class because it is in his interest to effectively

21  prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required

22  under Washington law.  Plaintiff Joseph Metko has retained attorneys who are competent in both

23  class actions and wage and hour litigation.  Plaintiff does not have any interest which may be

- 48 -

contrary to or in conflict with the claims of the Washington Class he seeks to represent.

203. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

a. Whether Plaintiff Joseph Metko and the Washington Class worked more than forty (40) hours in a workweek;

b. Whether Defendant failed to pay Plaintiff Joseph Metko and the Washington Class overtime wages for all hours worked over forty (40) hours in a workweek;

c. Whether Defendant failed to pay Plaintiff Joseph Metko and the Washington Class minimum wages for all hours worked; and

d. Whether Defendant failed to pay Plaintiff Joseph Metko and the Washington Class the correctly calculated overtime wage for hours worked.

204. The common issues of law include, but are not limited to:

a. Whether the higher hourly pay rate is a shift differential that should have been calculated in the regular rate of pay;

b. Whether the standby time between jobs is compensable time worked;

c. Whether Defendant can claim an exemption for Plaintiff Joseph Metko and the Washington Class;

d. Whether Plaintiff Joseph Metko and the Washington Class are entitled to compensatory damages;

e. The proper measure of damages sustained by Plaintiff Joseph Metko and the Washington Class; and

f. Whether Defendant's actions were "willful."

205. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Washington Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system. Individual litigation would magnify the delay and

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Washington Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

206.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Washington Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Washington Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication. The identity of members of the Washington Class is readily identifiable from Defendant's records.

207.    This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees.

208.    Ultimately, a class action is a superior form to resolve the Washington claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff Joseph Metko and the Washington Class according to applicable Washington laws.

**FIRST CAUSE OF ACTION**
**NATIONWIDE: Failure To Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**
**On Behalf of Plaintiff and the FLSA Class**

209.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

210.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed and continues to employ, employees, including Plaintiffs and the FLSA Class.  At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.

211.    The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

212.    Plaintiffs and the FLSA Class were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

213.    At all relevant times, Defendant required Plaintiffs and the FLSA Class to work in excess of forty (40) hours per workweek.  Despite the hours worked by them, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiffs and the FLSA Class the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek.  By failing to compensate Plaintiffs and the FLSA Class at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

214.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 210 *et seq.*, including 29

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

U.S.C. § 211(c) and § 215(a).

215.    Plaintiffs, on behalf of themselves and the FLSA Class, seek recovery of their damages, unpaid wages and unpaid overtime pay.

216.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

217.    Plaintiffs, on behalf of themselves and the FLSA Class, seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided for by 29 U.S.C. § 216(b).

218.    Plaintiffs, on behalf of themselves and the FLSA Class, seek recovery of liquidated damages.

219.    As a result of Defendant's willful and unlawful failure to pay Plaintiffs all of their earned overtime wages, Plaintiffs are entitled to recover their unpaid overtime wages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.  Plaintiffs, on behalf of themselves and the FLSA Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### ARIZONA:  Failure To Pay Overtime
### (Arizona Revised Statutes, § 23–350, et seq.)
### On Behalf of Plaintiff Galeener and the Arizona Class

220.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

221.    At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least three years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at

one-and-a-half times their regular rates of pay for hours worked in excess of forty (40) hours per workweek.

222.    Defendant routinely required Plaintiff Galeener and the Arizona Class to work in excess of forty (40) hours per workweek.  Despite the provisions of Arizona's minimum wage and overtime laws, Defendant has willfully failed and refused to pay the Arizona Class, including Plaintiff Galeener, overtime wages for any of the overtime hours they worked since three years prior to this lawsuit being filed.

223.    The Arizona Class, including Plaintiff Galeener, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

224.    Defendant's conduct violates Arizona Revised Statutes, § 23–350, et seq. Therefore, pursuant to Arizona Revised Statutes, § 23–350, et seq., the Arizona Class, including Plaintiff Galeener, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of forty (40) hours per workweek, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

### THIRD CAUSE OF ACTION
**CALIFORNIA:  Failure To Pay Overtime**
**(California Labor Code §§ 510 and 1194)**
**On Behalf of Plaintiff Galeener and the California Class**

225.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

226.    At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least four years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at

1  one-and-a-half times their regular rates of pay for hours worked in excess of eight (8) hours per

2  day or forty (40) hours per workweek, and double-time for hours worked in excess of twelve

3  (12) hours per day.  Defendant was also required to pay one-and-a-half times the regular rate for

4  the first eight (8) hours worked on the seventh day of a workweek.

5         227.    Defendant routinely required Plaintiff Galeener and the California Class to work

6  in excess of eight (8) hours per day or forty (40) hours per workweek and work on the seventh

7  day of a workweek.  Despite the provisions of California's overtime law, Defendant has willfully

8  failed and refused to pay the California Class, including Plaintiff Galeener, overtime wages for

9  any of the overtime hours they worked since four years prior to this lawsuit being filed.

10        228.    The California Class, including Plaintiff Galeener, has been deprived of their

11 rightfully earned overtime wages as a direct and proximate result of Defendant's failure and

12 refusal to pay such compensation.

13        229.    Defendant's conduct violates California Labor Code §§ 510 and 1194.  Therefore,

14 pursuant to California Labor Code § 1194, the California Class, including Plaintiff Galeener, are

15 entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all

16 overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per

17 workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-

18 time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such

19 amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of

20 suit, and the relief requested below in the Prayer for Relief.

**<u>FOURTH CAUSE OF ACTION</u>**
**CALIFORNIA:  Failure To Pay Minimum Wage**
**(California Labor Code §§ 1182.12, 1194, 1197, 1194.2 and 1198)**
**On Behalf of Plaintiff Galeener and the California Class**

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

230. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

231. At all relevant times, Plaintiff Galeener and the California Class earned "wages" for labor or services rendered to Defendant within the meaning of California Labor Code § 200(a) and/or "hours worked" within the meaning of the applicable Wage Order of the Industrial Wage Commission.

232. Employers are required to pay their employees for all hours worked. During all relevant times, Defendant engaged in a widespread pattern and practice of failing to pay Plaintiff Galeener and the California Class minimum wage for all the hours they worked and/or were subject to Defendant's control. Defendant improperly withheld, deducted, and/or refused to pay wages for hours that Plaintiff Galeener and the California Class worked performing their duties for Defendant.

233. Defendant's conduct deprived Plaintiff Galeener and the California Class of full and timely payment for all hours worked in violation of the California Labor Code.

234. Defendant did not pay Plaintiff Galeener and the California Class for all hours worked and did not pay Plaintiff Galeener and the California Class the requisite minimum wages in violation of California Labor Code §§ 1182.12, 1194, 1197 and/or 1198.

235. Pursuant to California Labor Code § 1194.2, employers such as Defendant who fail to pay an employee at least the minimum wage for all hours worked shall be liable to the employee for liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

236. As a result of Defendant's willful and unlawful failure to pay Plaintiff Galeener and the California Class their earned wages, Plaintiff Galeener and the California Class are entitled to recover their unpaid wages, liquidated damages, costs and reasonable attorneys' fees,

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

and the relief requested below in the Prayer for Relief.

## FIFTH CAUSE OF ACTION
### CALIFORNIA:  Failure to Provide Meal and Rest Periods
### (California Labor Code §§ 226.7 and 512 *et seq.*)
### On Behalf of Plaintiff Galeener and the California Class

237.     Plaintiffs incorporate all other paragraphs as though fully set forth herein.

238.     California Labor Code requires employers to provide a 30-minute net meal period if the employee works more than five hours per day.  *See* Cal. Lab. Code § 512.  The California Labor Code also requires employers to provide a 10-minute net rest period for each four-hour period worked, or major fraction thereof.

239.     Defendant violated the meal and rest period laws by forcing Plaintiff Galeener and the members of the California Class to work through long hours without the required meal and rest periods.

240.     Plaintiff Galeener and the members of the California Class sue for all damages allowed under the law including payment of one additional hour of pay at the employees' regular rate of pay for each such violation.  *See* Cal. Lab. Code § 226.7.

## SIXTH CAUSE OF ACTION
### CALIFORNIA:  Failure To Pay All Wages Upon Termination
### (California Labor Code §§ 201, 202, 203 and 256)
### On Behalf of Plaintiff Galeener and the California Class

241.     Plaintiffs incorporate all other paragraphs as though fully set forth herein.

242.     California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

243.     Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

244.    During all relevant times, Defendant knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff Galeener and members of the California Class who are no longer employed by Defendant all wages owed as alleged herein.  Defendant is therefore liable to Plaintiff Galeener and members of the California Class who are no longer employed by Defendant for waiting time penalties as required by California Labor Code § 203.

245.    Plaintiff Galeener, individually and on behalf of the members of the California Class who are no longer employed by Defendant, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

**SEVENTH CAUSE OF ACTION**
**CALIFORNIA:  Unlawful and/or Unfair Competition Law Violations**
**(California Business & Professions Code § 17200 *et seq*.)**
**On Behalf of Plaintiff Galeener and the California Class**

246.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

247.    California Business & Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

248.    Plaintiff Galeener brings this cause of action individually and as a representative of all others subject to Defendant's unlawful acts and practices.

249.    During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay minimum wages, failing to provide and authorize mandated meal and rest periods, and failing to pay all wages upon termination in

First Amended Complaint                                            Case No. 3:13-cv-04960 VC

violation of California law.

250.    As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff Galeener and the California Class.  Defendant must disgorge these ill-gotten gains and restore to Plaintiff Galeener and the California Class all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation.

251.    Plaintiff Galeener, individually and on behalf of the members of the California Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

**EIGHTH CAUSE OF ACTION**
**COLORADO:  Failure To Pay Overtime**
**(Colorado Revised Statute, § 8-6-111(4))**
**On Behalf of Plaintiff Vargas and the Colorado Class**

252.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

253.    At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least three years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of forty (40) hours per workweek.

254.    Defendant routinely required Plaintiff Vargas and the Colorado Class to work in excess of forty (40) hours per workweek.  Despite the provisions of Colorado's minimum wage and overtime laws, Defendant has willfully failed and refused to pay the Colorado Class, including Plaintiff Vargas, overtime wages for any of the overtime hours they worked since three years prior to this lawsuit being filed.

255.     The Colorado Class, including Plaintiff Vargas, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

256.     Defendant's conduct violates Colorado Revised Statute § 8-6-111(4).  Therefore, pursuant to Colorado Revised Statute § 8-6-111(4), the Colorado Class, including Plaintiff Vargas, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of forty (40) hours per workweek, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

**NINTH CAUSE OF ACTION**
**FLORIDA:  Failure To Pay Overtime**
**(Florida Minimum Wage Law, § 448 et seq.)**
**On Behalf of Plaintiff Erik Brown and the Florida Class**

257.     Plaintiffs incorporate all other paragraphs as though fully set forth herein.

258.     At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least five years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of forty (40) hours per workweek.

259.     Defendant routinely required Plaintiff Erik Brown and the Florida Class to work in excess of forty (40) hours per workweek.  Despite the provisions of Florida's minimum wage and overtime laws, Defendant has willfully failed and refused to pay the Florida Class, including Plaintiff Erik Brown, overtime wages for any of the overtime hours they worked since five years prior to this lawsuit being filed.

260.     The Florida Class, including Plaintiff Erik Brown, has been deprived of their

First Amended Complaint                                              Case No. 3:13-cv-04960 VC

rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

261.    Defendant's conduct violates Florida Statutes, §§ 448.01 and 110.219.  Therefore, pursuant to Florida Statutes, §§ 448.01 and 110.219, the Florida Class, including Plaintiff Erik Brown, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of forty (40) hours per workweek, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

**TENTH CAUSE OF ACTION**
**GEORGIA:  Failure To Pay Overtime**
**(Georgia Minimum Wage Law, O.C.G.A. § 34-4-1 et seq.)**
**On Behalf of Plaintiff Erik Brown and the Georgia Class**

262.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

263.    At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least two years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of forty (40) hours per workweek.

264.    Defendant routinely required Plaintiff Erik Brown and the Georgia Class to work in excess of forty (40) hours per workweek.  Despite the provisions of Georgia's minimum wage and overtime laws, Defendant has willfully failed and refused to pay the Georgia Class, including Plaintiff Erik Brown, overtime wages for any of the overtime hours they worked since two years prior to this lawsuit being filed.

265.    The Georgia Class, including Plaintiff Erik Brown, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and

refusal to pay such compensation.

266.    Defendant's conduct violates Georgia's Minimum Wage Law, O.C.G.A. § 34-4-1 et seq.  Therefore, pursuant to Georgia Minimum Wage Law, O.C.G.A. § 34-4-1 et seq., the Georgia Class, including Plaintiff Erik Brown, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of forty (40) hours per workweek, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

## ELEVENTH CAUSE OF ACTION
### IDAHO:  Failure To Pay Overtime
### (Idaho Code, § 45-615)
### On Behalf of Plaintiff Howell and the Idaho Class

267.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

268.    At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least two years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of forty (40) hours per workweek.

269.    Defendant routinely required Plaintiff Howell and the Idaho Class to work in excess of forty (40) hours per workweek.  Despite the provisions of Idaho's minimum wage and overtime laws, Defendant has willfully failed and refused to pay the Idaho Class, including Plaintiff Howell, overtime wages for any of the overtime hours they worked since two years prior to this lawsuit being filed.

270.    The Idaho Class, including Plaintiff Howell, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay

1    such compensation.

2    271.    Defendant's conduct violates Idaho Code, § 45-615.  Therefore, pursuant to Idaho

3    Code, § 45-615, the Idaho Class, including Plaintiff Howell, are entitled to recover, and seek to

4    recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess

5    of forty (40) hours per workweek, plus reasonable attorneys' fees and costs of suit, and the relief

6    requested below in the Prayer for Relief.

7
   **TWELFTH CAUSE OF ACTION**
8    **NEVADA:  Failure To Pay Overtime**
   **(Nevada Revised Statutes, § 608.018)**
9    **On Behalf of Plaintiff Galeener and the Nevada Class**

10    272.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

11    273.    At all relevant times, Defendant was required to compensate its non-exempt

12    employees for all hours worked.  Since at least six years prior to this lawsuit being filed to the

13    present, Defendant was required to compensate all of its employees for all overtime worked, at

14    one-and-a-half times their regular rates of pay for hours worked in excess of forty (40) hours per

15
16    workweek.

17    274.    Defendant routinely required Plaintiff Galeener and the Nevada Class to work in

18    excess of forty (40) hours per workweek.  Despite the provisions of Nevada's minimum wage

19    and overtime laws, Defendant has willfully failed and refused to pay the Nevada Class, including

20    Plaintiff Galeener, overtime wages for any of the overtime hours they worked since six years

21    prior to this lawsuit being filed.

22
23    275.    The Nevada Class, including Plaintiff Galeener, has been deprived of their

24    rightfully earned overtime wages as a direct and proximate result of Defendant's failure and

25    refusal to pay such compensation.

26
27
28

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

276.     Defendant's conduct violates Nevada Revised Statutes, § 608.018.  Therefore, pursuant to Nevada Revised Statutes, § 608.018, the Nevada Class, including Plaintiff Galeener, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of forty (40) hours per workweek, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

**THIRTEENTH CAUSE OF ACTION**
**NEW MEXICO:  Failure To Pay Overtime**
**(New Mexico Minimum Wage Act, N.M.A.S.A., § 50-4-24)**
**On Behalf of Plaintiff Keith Brown and the New Mexico Class**

277.     Plaintiffs incorporate all other paragraphs as though fully set forth herein.

278.     At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least three years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of forty (40) hours per workweek.

279.     Defendant routinely required Plaintiff Keith Brown and the New Mexico Class to work in excess of forty (40) hours per workweek.  Despite the provisions of New Mexico's minimum wage and overtime laws, Defendant has willfully failed and refused to pay the New Mexico Class, including Plaintiff Keith Brown, overtime wages for any of the overtime hours they worked since three years prior to this lawsuit being filed.

280.     The New Mexico Class, including Plaintiff Keith Brown, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

281.     Defendant's conduct violates New Mexico Minimum Wage Act, N.M.S.A., § 50-

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

4-24.  Therefore, pursuant to New Mexico Minimum Wage Act, N.M.S.A., § 50-4-24, the New

Mexico Class, including Plaintiff Keith Brown, are entitled to recover, and seek to recover,

damages for the nonpayment of overtime wages for all overtime hours worked in excess of forty

(40) hours per workweek, plus reasonable attorneys' fees and costs of suit, and the relief

requested below in the Prayer for Relief.

**FOURTEENTH CAUSE OF ACTION**
**OREGON:  Failure To Pay Overtime**
**(Oregon Revised Statutes, § 653.261)**
**On Behalf of Plaintiff Erik Brown and the Oregon Class**

282.    Plaintiff Erik Brown incorporates all other paragraphs as though fully set forth

herein.

283.    At all relevant times, Defendant was required to compensate its non-exempt

employees for all hours worked.  Since at least two years prior to this lawsuit being filed to the

present, Defendant was required to compensate all of its employees for all overtime worked, at

one-and-a-half times their regular rates of pay for hours worked in excess of forty (40) hours per

workweek.

284.    Defendant routinely required Plaintiff Erik Brown and the Oregon Class to work

in excess of forty (40) hours per workweek.  Despite the provisions of Oregon's minimum wage

and overtime laws, Defendant has willfully failed and refused to pay the Oregon Class, including

Plaintiff Erik Brown, overtime wages for any of the overtime hours they worked since two years

prior to this lawsuit being filed.

285.    The Oregon Class, including Plaintiff Erik Brown, has been deprived of their

rightfully earned overtime wages as a direct and proximate result of Defendant's failure and

refusal to pay such compensation.

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

286.    Defendant's conduct violates Oregon Revised Statutes, § 653.261.  Therefore, pursuant to Oregon Revised Statutes, § 653.261, the Oregon Class, including Plaintiff Erik Brown, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of forty (40) hours per workweek, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

**FIFTEENTH CAUSE OF ACTION**
**Quantum Meruit:  Failure To Pay Overtime**
**(Principles of Quantum Meruit, Pursuant to Texas Law)**
**On Behalf of Plaintiff Hamer and the Quantum Meruit Class**

287.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

288.    At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least from the beginning of the relevant state statute of limitations periods, calculated back from when this lawsuit was filed, to the present, Defendant was required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of forty (40) hours per workweek.

289.    Defendant routinely required Plaintiff Hamer and the Quantum Meruit Class to work in excess of forty (40) hours per workweek, providing benefit to Defendant.  Despite the principles of quantum meruit, Defendant has willfully failed and refused to pay the Quantum Meruit Class, including Plaintiff Hamer, overtime wages for any of the overtime hours they worked since four years prior to this lawsuit being filed.

290.    Defendant has knowingly accepted the benefits Plaintiff Hamer and the Quantum Meruit Class provided.

291.    The Quantum Meruit Class, including Plaintiff Hamer, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

refusal to pay such compensation.

292.    Defendant's conduct violates the principles of quantum meruit, pursuant to Alabama, Minnesota, Montana, Nebraska, Oklahoma, North Carolina, Oklahoma, South Carolina, Tennessee, Utah, and Wyoming law.

293.    The elements of the Alabama, Minnesota, Montana, Nebraska, Oklahoma, North Carolina, South Carolina, Tennessee, Utah, and Wyoming claims are sufficiently similar that the Quantum Meruit Class Members' claims can be adjudicated together.

294.    Therefore, the Quantum Meruit Class, including Plaintiff Hamer, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of forty (40) hours per workweek, pursuant to applicable law, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

### SIXTEENTH CAUSE OF ACTION
**WASHINGTON:  Failure To Pay Overtime**
**(Washington Minimum Wage Act, Revised Code of Washington, § 49.46.130)**
**On Behalf of Plaintiff Metko and the Washington Class**

295.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

296.    At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.  Since at least three years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of forty (40) hours per workweek.

297.    Defendant routinely required Plaintiff Metko and the Washington Class to work in excess of forty (40) hours per workweek.  Despite the provisions of Washington's minimum

1   wage and overtime laws, Defendant has willfully failed and refused to pay the Washington Class,

2   including Plaintiff Metko, overtime wages for any of the overtime hours they worked since three

3   years prior to this lawsuit being filed.

4       298.    The Washington Class, including Plaintiff Metko, has been deprived of their

5   rightfully earned overtime wages as a direct and proximate result of Defendant's failure and

6   refusal to pay such compensation.

7       299.    Defendant's conduct violates Washington's Minimum Wage Act, Revised Code

8   of Washington, § 49.46.130.  Therefore, pursuant to Washington's Minimum Wage Act, Revised

9   Code of Washington, § 49.46.130, the Washington Class, including Plaintiff, are entitled to

10  recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime

11  hours worked in excess of forty (40) hours per workweek, plus reasonable attorneys' fees and

12  costs of suit, and the relief requested below in the Prayer for Relief.

13                                **PRAYER FOR RELIEF**

14      Plaintiff, on behalf of himself and all of the FLSA Class Members and the Arizona,

15  California, Colorado, Florida, Georgia, Idaho, Nevada, New Mexico, Oregon, Texas, and

16  Washington Class Members, pray for relief as follows:

17      1.    Certifying that this action may proceed as an FLSA collective action and state law

18          class action under Rule 23;

19      2.    Declaring that Defendant's policies and/or practices of failing to pay overtime
            wages to the Arizona Class violates Arizona law

20      3.    Declaring that Defendant's policies and/or practices of failing to pay overtime
            wages, to pay minimum wages, to provide and authorize meal and rest periods,
            and to pay all wages earned upon termination of employment to the California
            Class violate California law;

- 67 -

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

4.    Declaring that Defendant's above-mentioned policies and/or practices violate California Business and Professions Code § 17200 *et seq.*;

5.    Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the Colorado Class violates Colorado law;

6.    Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the Florida Class violates Florida law;

7.    Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the Georgia Class violates Georgia law;

8.    Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the Idaho Class violates Idaho law;

9.    Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the Nevada Class violates Nevada law;

10.   Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the New Mexico Class violates New Mexico law;

11.   Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the Oregon Class violates Oregon law;

12.   Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the Quantum Meruit Class violates applicable state law;

13.   Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the Washington Class violates Washington law;

14.   Preliminary, permanent, mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

15.   Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the FLSA Class Members violates the FLSA;

16.   Awarding damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendant for the causes of action alleged herein;

17.   Awarding costs and expenses, including reasonable attorneys' fees and expert fees, pursuant to 29 U.S.C. § 216, state law, and as otherwise permitted by law; and

18.   Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.

First Amended Complaint    Case No. 3:13-cv-04960 VC

DATED:  February 26, 2015          By: /s/John M. Padilla

John M. Padilla (Cal. Bar No. 279815)
PADILLA & RODRIGUEZ, L.L.P.
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (213) 244-1401
Facsimile: (213) 244-1402
jpadilla@pandrlaw.com

Galvin B. Kennedy, *Pro Hac Vice*
gkennedy@kennedyhodges.com
Gabriel Assaad, *Pro Hac Vice*
gassaad@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama Street
Houston, TX  77006
Telephone:  (713) 523-0001
713-523-1116

Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA  94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810
jsagafi@outtengolden.com

Christopher McNerney *Pro Hac Vice*
cmcnerney@outtengolden.com
OUTTEN & GOLDEN LLP
3 Park Ave
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

*Attorneys for Plaintiffs and proposed class members*

First Amended Complaint                              Case No. 3:13-cv-04960 VC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated respectfully demands a trial by jury.

DATED:  February 26, 2015

By: /s/John M. Padilla

John M. Padilla (Cal. Bar No. 279815)
PADILLA & RODRIGUEZ, L.L.P.
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (213) 244-1401
Facsimile: (213) 244-1402
jpadilla@pandrlaw.com

Galvin B. Kennedy, *Pro Hac Vice*
gkennedy@kennedyhodges.com
Gabriel Assaad, *Pro Hac Vice*
gassaad@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama Street
Houston, TX  77006
Telephone:  (713) 523-0001
713-523-1116

Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA  94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810
jsagafi@outtengolden.com

Christopher McNerney *Pro Hac Vice*
cmcnerney@outtengolden.com
OUTTEN & GOLDEN LLP
3 Park Ave
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

First Amended Complaint                                    Case No. 3:13-cv-04960 VC

*Attorneys for Plaintiffs and proposed class members*

### CERTIFICATE OF SERVICE

In accordance with Civil Local Rule 5-5(a), I, the undersigned counsel, under penalty of perjury, certify pursuant to 28 U.S.C. § 1746, that the foregoing document is being electronically filed with the Clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record on February 26, 2015.

/s/ Gabriel A. Assaad
Gabriel A. Assaad

First Amended Complaint                                    Case No. 3:13-cv-04960 VC