Galvin B. Kennedy, *Pro Hac Vice*
gkennedy@kennedyhodges.com
Gabriel Assaad, *Pro Hac Vice*
gassaad@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama Street
Houston, TX  77006
Telephone:  (713) 523-0001
713-523-1116

John M. Padilla (Cal. Bar No. 279815)
jpadilla@pandrlaw.com
PADILLA & RODRIGUEZ, L.L.P.
601 South Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: (213) 244-1401
Facsimile: (213) 244-1402

Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
jsagafi@outtengolden.com
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810

Christopher McNerney, *Pro Hac Vice*
cmcnerney@outtengolden.com
OUTTEN & GOLDEN LLP
3 Park Ave
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

*Attorneys for Plaintiffs and Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| LYLE E. GALEENER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOURCE REFRIGERATION & HVAC, INC.,<br><br>Defendant. | Case No.  3:13-cv-04690-VC<br><br>**REVISED [~~PROPOSED~~] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE TO THE CLASS; AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES.** |

On March 9, 2015, a hearing was held on the motion of Plaintiff Lyle Galeener, Individually and on Behalf of All Others Similarly Situated ("Plaintiffs") for an order (1) conditionally certifying the proposed settlement Classes as opt-out Classes under Federal Rule of Civil Procedure 23; (2) appointing Plaintiffs as Class Representatives; (3) appointing Plaintiffs' counsel as Class Counsel; (4) granting preliminary approval to the parties' Stipulation of Class Settlement and Settlement Agreement (the "Settlement," attached as Exhibit A to the declaration of Galvin Kennedy); (5) approving the mailing of the proposed Class Notice; (6) appointing CPT as the Settlement Administrator; and (7) scheduling a final approval hearing and related dates (the "Preliminary Approval Motion").  Jahan C. Sagafi, Galvin Kennedy, Gabriel Assaad, and John Padilla appeared for Plaintiffs.  Margaret Keane, Michael Sheehan, and Ben Gipson appeared for Defendant Source Refrigeration & HVAC, Inc. ("Source").

Having considered the papers on the motion, the arguments of counsel, and the law, the Court now enters this Preliminary Approval Order and FINDS, CONCLUDES, and ORDERS as follows:

## I.     NATURE OF ACTION

Plaintiffs allege that Source violated wage and hour laws by failing to pay class members for all hours worked, miscalculating the overtime rate and, with respect to the California class members, violating meal and rest period laws.

Source disputes and denies all of Plaintiffs' claims.  Source contends that it has fully complied will all applicable laws at issue in this matter.

## II.    CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS UNDER RULE 23

### A.     Settlement Classes

For settlement purposes only, the Parties have proposed conditional certification of the following state law settlement classes under Federal Rule of Civil Procedure 23 (the "Class"): (1) an Arizona state-law class consisting of all current and former Source employees who are or were employed in Covered Positions[1] in Arizona at any time during the Covered Period; (2) a

---

[1] The Covered Positions are Source HVAC and refrigeration technicians, as defined in the

California state-law class consisting of all current and former Source employees who are or were employed in Covered Positions in California at any time during the Covered Period; (3) a Colorado state-law class consisting of all current and former Source employees who are or were employed in Covered Positions in Colorado at any time during the Covered Period; (4) a Florida state-law class consisting of all current and former Source employees who are or were employed in Covered Positions in Florida at any time during the Covered Period; (5) a Georgia state-law class consisting of all current and former Source employees who are or were employed in Covered Positions in Georgia at any time during the Covered Period; (6) a Idaho state-law class consisting of all current and former Source employees who are or were employed in Covered Positions in Idaho at any time during the Covered Period; (7) a Nevada state-law class consisting of all current and former Source employees who are or were employed in Covered Positions in Nevada at any time during the Covered Period; (8) a New Mexico state-law class consisting of all current and former Source employees who are or were employed in Covered Positions in New Mexico at any time during the Covered Period; (9) an Oregon state-law class consisting of all current and former Source employees who are or were employed in Covered Positions in Oregon at any time during the Covered Period; (10) a quantum meruit state-law class consisting of all current and former Source employees who are or were employed in Covered Positions in Texas, Alabama, Minnesota, Montana, Nebraska, Oklahoma, North Carolina, South Carolina, Tennessee, Utah, and Wyoming at any time during the Covered Period; and (11) a Washington state-law class consisting of all current and former Source employees who are or were employed in Covered Positions in Washington at any time during the Covered Period.

The term "Covered Position" means the nonexempt hourly service technician position at Source in the United States.  The term "Covered Period" means October 24, 2009 through entry of this Court's final approval order in California, and October 24, 2010 through entry of this Court's final approval order elsewhere.

Settlement, § I.K.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.** **Conditional Rule 23 Certification**

The Court hereby finds and concludes that for purposes of the Settlement only, the Classes satisfy all of the requirements for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

1.    Each Class is sufficiently numerous that joinder is impracticable.

2.    The members of each Class share common issues of fact and law regarding (i) whether Source's practice of excluding shift-differential pay from the technicians' regular rate for purposes of overtime calculation violates the FLSA and state wage laws; (ii) whether standby time constitutes compensable work time, and whether Source's policy and practice of not compensating technicians for this time runs afoul of the FLSA and state wage laws; (iii) whether Source's policies and lack thereof violate the California meal period or rest break laws; and (iv) the proper method of calculating damages if the above violations are proven.

3.    Each Class Representative's claims are typical of those of the Class he proposes to represent, because they arise out of the same policies and practices and course of conduct complained of by all Class Members.

4.    Each Class Representative is an adequate representative of the Class he proposes to represent, because his interests are co-extensive with those of the Class Members, and he has retained experienced counsel to represent him and the Class Members.

5.    Questions of law or fact common to each Class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.    Because certification of each Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, the Court hereby certifies the Class under Rule 23(a) and (b)(3).

III.   **APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

A.   **Class Representatives**

The Court finds and concludes that each Class Representative has claims typical of the Members of the Class he proposes to represent, and he is an adequate representative of the Class he seeks to represent.  The Court hereby appoints Plaintiffs to serve as Class Representatives of the Classes they propose to represent.

B.   **Class Counsel**

The Court finds and concludes that Kennedy Hodges, LLP, Padilla & Rodriguez, LLP, and Outten & Golden LLP have, separately and collectively, extensive experience and expertise in prosecuting wage-and-hour class actions and collective actions.  The Court appoints these firms as Class Counsel.

IV.   **PRELIMINARY APPROVAL OF SETTLEMENT**

The Court has reviewed the terms of the Settlement, including the plan of allocation and the release of claims.  The Court has also read and considered the declaration of Galvin B. Kennedy in support of preliminary approval.  Based on review of those papers, and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the Parties conducted after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses.  The assistance of an experienced mediator in the settlement process confirms that the Settlement is non-collusive.  Based on all of these factors, the Court concludes that the proposed Settlement meets the criteria for preliminary settlement approval.  The Settlement has no obvious defects and falls within the range of possible approval as fair adequate, and reasonable, such that notice to the Class Members is appropriate.  Accordingly, the Settlement is hereby preliminarily approved.

V.   **APPROVAL OF THE NOTICE PLAN**

The Parties have also submitted for this Court's approval a proposed class notice (evidenced by Exhibit 1 to the Settlement).  After carefully reviewing these documents, the Court finds and concludes as follows:

### A.     Best Notice Practicable

The Class Notice is the best notice practicable under the circumstances and allows Class Members a full and fair opportunity to consider the Settlement.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this action, the definition of the Classes, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about Plaintiffs' forthcoming application for the Class Representative Payments and the Class Counsel Attorneys' Fees and Costs Award; (3) appropriate information about how Class Members' settlement shares will be calculated; (4) appropriate information about this Court's procedures for final approval of the Settlement, and about Class Members' right to appear through counsel if they desire; (5) appropriate information about how to comment on or opt out of the Settlement, if a Class Member wishes to do so; and (6) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.

The proposed plan for distributing the Class Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement.  Under this plan, the Settlement Administrator will distribute the Class Notice to all Class Members by first-class mail and e-mail to their last known addresses.  There is no additional method of distribution that is cost-effective and would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

### B.     CAFA Notice of Proposed Settlement

Not later than ten days after Plaintiffs' Preliminary Approval Motion was filed, notice of the Settlement was mailed to the Attorney General of the United States of America and the appropriate state official in each state in which, based on Source's records of last known mailing address, Class Members reside; and the notice contains the documents required by 28 U.S.C. section 1715(b)(1)-(8).  On this basis, the notice of the Settlement is approved and the Court finds that Source has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.

C.      **Approval**

Accordingly, the Court finds and concludes that the proposed plan for distributing the Class Notice will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.  Accordingly, the Court hereby orders as follows:

1.      The Class Notice is approved.

2.      The CAFA Notice of Proposed Settlement is approved.

3.      The manner of distributing the Class Notice to the Class Members is approved.

4.      Promptly following the entry of this order, the Settlement Administrator will prepare final versions of the Class Notice, incorporating into them the relevant dates and deadlines set forth in this order.

5.      Within twenty-eight (28) days following entry of this order, Source will provide the Settlement Administrator with a database in a format acceptable to the Settlement Administrator, that lists, for each Class Member, the Class Member's name, Social Security number, Source employee ID number, last known mailing address, all known personal e-mail addresses, and information adequate to calculate Class Members' award allocations, including but not limited to: time records and pay records applicable to each week within the Covered Period during which the Class Member worked in a Covered Position, as well as their location (including state) of work.

6.      Before the mailing of the Class Notice, the Settlement Administrator will update any new address information for Class Members as may be available through the National Change of Address ("NCOA") database or equivalent system.

7.      Within forty-eight (48) days following entry of this order, the Settlement Administrator will mail, via first-class mail and e-mail, the Class Notice to all Class Members at their last known address or at the most recent address that may have been obtained through the NCOA.

8.      The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom the Class Notice is returned by the U.S. Postal Service

as undeliverable and otherwise to provide the Class Notice.  The Settlement Administrator will trace all returned undeliverable Class Notices and re-mail them to the most recent address available.  The Settlement Administrator will promptly notify Class Counsel and counsel for Source of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s).

9.      Plaintiffs will file with their motion for final approval a declaration from the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Notice, and will file prior to the hearing on the motion a supplemental declaration from the Settlement Administrator as applicable.

10.      Before the deadline for cashing Settlement Share checks, the Settlement Administrator will contact all Participating Class Members who have not cashed their Settlement checks to remind them to do so before the deadline.

11.      The Settlement Administrator will take all other actions in furtherance of settlement administration as are specified in the Settlement Agreement.

## VI.     PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.     Final Approval Hearing

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for Thursday, August 20, 2015, at 10:00 a.m.  The date of the hearing may be changed without further notice to the Class.

### B.     Deadline to Opt Out of the Settlement

#### 1.     Form of Opt-Out Request.

Any Class Member may opt out of participating in the Settlement by submitting a signed letter to the Settlement Administrator stating that he or she wishes to be excluded from the Settlement.  The letter must include (1) the Class Member's name, address, telephone number, and signature, (2) the reasons for his or her comment on the settlement, (3) whether he or she intends to appear at the Fairness Hearing, and (4) if he or she will appear through an attorney, the attorney's name, address, and telephone number.

## 2.     Deadline for Submitting Opt-Out Request.

A completed opt-out request will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than sixty (60) days after the Settlement Administrator first mails the Class Notice to Class Members, or (ii) it is delivered to the Settlement Administrator by the deadline for submission stated above, whether by mail, e-mail, facsimile transmission, professional delivery, or personal delivery.  Only those Class Members who submit their opt-out request within the time and by the manner set forth in this Order will be excluded from the Settlement.  Pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(2), the Settlement will have no binding effect on any Class Member who properly opts out of the Settlement in the manner required by this Order.

### C.     Source's Right to Rescind Agreement

If three and a half percent (3.5%) or more of the eligible Class Members validly opt out pursuant to the process set forth herein, Source will have the right to rescind the Settlement, and the Settlement and all actions taken in its furtherance will be null and void.  Source must exercise this right by notifying Class Counsel of its decision in writing by email and by telephone within one hundred and forty (140) days after the Court enters its Preliminary Approval Order.

If Source exercises this option, all of Source's obligations under the Settlement will cease to be of any force and effect, and the Settlement and any order entered in connection with it, including this order, will be vacated, rescinded, canceled, and annulled, and the Parties will return to the *status quo* in the action as if the Parties had never entered into the Settlement in the first place.  In addition, in such event, the Settlement and all negotiations, court orders, and proceedings related to the Settlement will be without prejudice to the rights of the Parties, and evidence relating to the Settlement and all negotiations will not be admissible or discoverable in the action or otherwise.

### D.     Deadline for Filing Comments on or Objections to Settlement

Any Class Member who wishes to comment on or object to the fairness, reasonableness, or adequacy of the Settlement must do so in writing.  Class Members who have timely commented on or objected to the Settlement in writing may also appear at the Final Approval

Hearing, in person or through counsel, but only if they (a) have given written notice of their intent to appear at the hearing as provided in the Class Notice or (b) can show good cause why they could not provide such notice.  To be considered, any comment on or objection to the final approval of the Settlement must state the basis for the comment or objection and be mailed to the Settlement Administrator, Class Counsel, and counsel for Source, at the addresses provided in the Class Notice, via first-class mail, received within one hundred twenty-five (125) days after the Preliminary Approval Order.  Any Class Member who does not timely submit such a written comment or objection will not be permitted to raise such comment or objection or appear at the Final Approval Hearing, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection, except for good cause shown.

      E.        **Deadline for Mailing and Cashing Settlement Share Checks**

Every Class Member who does not opt out of the Settlement will be eligible to receive his or her share of the Net Settlement Payment.  The Settlement Administrator will disperse the Settlement Share checks to the Class Members via U.S. mail within forty-nine (49) days after entry of the Final Approval Order, as defined in the Settlement Agreement.  Class Members will have one hundred eighty (180) days from the date of issuance written on the check to cash their Settlement Share checks, after which time the checks will expire.  Before that deadline, the Settlement Administrator will contact all Class Members who have not cashed their checks to remind them to do so.

      F.        **Deadline for Submitting Motion Seeking Final Approval**

Not later than thirty-five (35) days before the Final Approval Hearing, Plaintiffs will file a motion for final approval of the Settlement.

      G.        **Deadline for Motion for Approval of Class Representative Payment**

Not later than fourteen (14) days before the expiration of the 60-day opt-out and objection period, Class Counsel may file a motion for approval of Class Representative Payments.  Not later than seven (7) days before the Final Approval Hearing, Class Counsel may file a reply brief

providing additional information and argument and/or responding to any opposition to the motion.

### H.    Deadline for Motion for Class Counsel Attorneys' Fees and Costs Award

Not later than fourteen (14) days before the expiration of the 60-day opt-out and objection period, Class Counsel may file a motion for approval of their Class Counsel Attorneys' Fees and Costs Payment.  Not later than seven (7) days before the Final Approval Hearing, Class Counsel may file a reply brief providing additional information and argument and/or responding to any opposition to the motion.

## VII.    PLAINTIFFS' AND CLASS MEMBERS' RELEASE

If, at the Final Approval Hearing, this Court grants final approval to the Settlement, Plaintiffs and every Class Member who does not opt out will, pursuant to the Settlement, be adjudicated to have granted the release of Covered Claims as set forth in the Settlement.  Each Participating Class Member, by cashing his or her Settlement Check, opts into the Action and will also release all Covered Claims under the Fair Labor Standards Act as set forth in the Settlement.

## VIII.    APPOINTMENT OF SETTLEMENT ADMINISTRATOR

CPT is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.

## VIV.    SCHEDULING ORDER

The following schedule sets for the sequence for the relevant dates and deadlines based on the preliminary approval of the Settlement on March 9, 2015.

| Event | Date |
|-------|------|
| Source sends class list data to Settlement Administrator | Friday, April 10, 2015[2] |
| SA sends out Class Notice | Monday, April 27, 2015 |
| SA send out remailings | Monday, May 18, 2015 |
| Class Counsel file final approval motion | Monday, June 29, 2015 |
| Class Counsel file fee application | Monday, June 29, 2015 |
| Deadline to opt out, object, and/or challenge data | Monday, July 13, 2015 |
| SA submits report to parties | Friday, July 17, 2015 |
| Source decides whether to rescind the settlement | Monday, July 27, 2015 |
| Class Counsel reply brief(s) in support of final approval motion and/or fee application | Thursday, August 6, 2015 |
| Fairness Hearing | Thursday, August 20, 2015, 10:00 a.m. |
| Settlement is final | Monday, September 21, 2015[3] |
| Source sends new data to SA | Monday, October 19, 2015 |
| SA calculates settlement shares | Thursday, November 5, 2015 |
| Source fund QSF | Tuesday, November 10, 2015 |
| SA distributes checks to Class Members | Tuesday, November 17, 2015 |
| Deadline for SA to send out reissued checks | Wednesday, March 16, 2016 |

---

[2] This date is four days later than that initially proposed by the Parties, to allow for the fact that the Court is entering the Order up to four days after the Preliminary Approval Hearing (i.e., by Friday, March 13, 2015). The Court recognizes that this change in dates shortens the amount of time the Settlement Administrator has to compile the notice documents, but has been assured by Plaintiffs' counsel that the Settlement Administrator believes that it can compile the notice documents in this slightly shortened time period (17 days).

[3] This date assumes that the Final Approval Order is entered on the date of the Final Fairness Hearing and no appeal is filed.

| Settlement Checks become stale | Monday, May 16, 2016 |
| SA provides report on status of uncashed checks | Monday, July 24, 2016 |
| SA reverts uncashed settlement funds and unearned attorneys' fees to Defendant and sends final earned attorneys' fees to Class Counsel | Monday, July 31, 2016 |

IT IS SO ORDERED.

Dated:  March _13_, 2015

The Honorable Vince Chhabria
United States District Judge

Exhibit A

**United States District Court for the Northern District of California**

# If you worked as a Service Technician at Source Refrigeration & HVAC, you could get a payment from this class action settlement.

**A federal court authorized this notice.  This is not a solicitation from a lawyer.**

- The settlement will provide $10,000,000 to pay claims for those who do not opt out.

- The settlement affects the rights of all current and former non-exempt, hourly paid, service technicians for Source Refrigeration & HVAC, Inc. in the United States who worked at least one week from October 29, 2009 through August 20, 2015.

- Your legal rights may be affected whether you act or don't act.  Read this notice carefully.

| Your legal rights and options in this Settlement: | |
|---|---|
| **Submit Confirmation Form (optional)** | If there are errors on your Confirmation Form, please correct them. You do not need to submit this Form to receive a payment. |
| **Do Nothing** | Get a payment.  Give up your right to bring a separate claim against Source. |
| **Comment (including Object)** | Write to the Court concerning what you think about the settlement. You do not need to do this to receive a payment. |
| **Go to the hearing** | If you comment (see the option above), you may also ask to speak in court about the fairness of the settlement.  You do not need to do this to receive a payment. |
| **Exclude yourself** | Get no payment.  Opting out is the only way that you can ever be part of any other lawsuit against Source Refrigeration regarding the legal claims covered by this settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after appeals, if any, are resolved.  Please be patient.

- 1 -

QUESTIONS?  CALL 1-800-xxx-xxxx TOLL FREE, OR VISIT WWW._____.COM

- This is not a lawsuit against you.  Plus, your choice of options -- including the choice to accept money from the settlement -- will not affect your employment status.

QUESTIONS?  CALL 1-800-xxx-xxxx TOLL FREE, OR VISIT WWW._____.COM

EAST\90800529.1

## What This Notice Contains

BASIC INFORMATION ................................................................................................................4
   1.  Why did I get this notice package?............................................................ 4
   2.  What is this lawsuit about?........................................................................ 4
   3.  Why is this a class action? ........................................................................ 4
   4.  Why is there a settlement?........................................................................ 5

WHO IS IN THE SETTLEMENT ..................................................................................................5
   5.  How do I know if I am part of the settlement? ........................................ 5

THE SETTLEMENT BENEFITS—WHAT YOU GET .....................................................................5
   6.  What does the settlement provide?............................................................ 5
   7.  What can I get from the settlement?.......................................................... 6
   8.  Does Source want me to take this money? ............................................... 6
   9.  Will there be taxes? .................................................................................. 6

HOW YOU GET A PAYMENT.....................................................................................................6
   10.  How can I get a payment? ......................................................................... 6
   11.  When would I get my payment?................................................................ 7
   12.  What am I giving up to get a payment or stay in the Class? ..................... 7

EXCLUDING YOURSELF FROM THE SETTLEMENT ....................................................................8
   13.  How do I get out of the settlement?.......................................................... 8
   14.  If I exclude myself, can I get money from this settlement?....................... 8

YOUR PRIVACY ......................................................................................................................9
   15.  Will my manager know whether or how I responded to this Notice? ....... 9

THE LAWYERS REPRESENTING YOU ........................................................................................9
   16.  Do I have a lawyer in this case? ............................................................... 9
   17.  Who Are the Attorneys for the Parties .................................................... 9
   18.  How will Class Counsel and the Named Plaintiffs be paid? ................... 10

COMMENTING ON (INCLUDING OBJECTING TO) THE SETTLEMENT ...................................10
   19.  How do I tell the Court that I like or don't like the settlement?...................... 10
   20.  What's the difference between objecting and excluding? ................................ 11

THE COURT'S FAIRNESS HEARING.........................................................................................11
   21.  When and where will the Court decide whether to approve the settlement?................... 11
   22.  Do I have to come to the hearing? ......................................................... 11
   23.  May I speak at the hearing?.................................................................... 11

IF YOU DO NOTHING ...........................................................................................................12
   24.  What happens if I do nothing at all?....................................................... 12

GETTING MORE INFORMATION ............................................................................................12
   25.  Are there more details about the settlement?........................................... 12

QUESTIONS?  CALL 1-800-xxx-xxxx TOLL FREE, OR VISIT WWW._____.COM

EAST\90800529.1

# Basic Information

**1.      Why did I get this notice package?**

You have received this Notice, and the attached Confirmation Form, because Source Refrigeration's records show that you have worked there at least one week as a service technician since October 29, 2009.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  More information is available at www.xxx.com [CPT website], which has important court documents, including the Settlement Stipulation.  If you wish to comment upon (including objecting to), or exclude yourself from, the settlement, you must follow the procedures described below.  If you do nothing, you will be bound by any final judgment approving this settlement.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Galeener v. Source Refrigeration & HVAC, Inc.*, Case No. C13-04960-VC.  The people who sued are called Plaintiffs, and the company they sued, Source Refrigeration & HVAC, Inc., is called the Defendant.  Pursuant to this settlement, two similar cases are being joined with this case: *Hamer v. Source Refrigeration & HVAC, Inc.*, Case No. 1:14-CV-570-55 (W.D. Tex.) and *Vargas v. Source Refrigeration & HVAC, Inc.*, Case No. 2013-CV-32936-00712145-CU-OE-CXC (Denver County).

**2.      What is this lawsuit about?**

In the lawsuit, Plaintiffs argued that Source Refrigeration violated state and federal law by failing to compensate Class Members for standby time and by miscalculating their rate of overtime pay.  The lawsuit asks the Court to require Source Refrigeration to pay money for (1) overtime pay that was allegedly undercalculated, (2) unpaid time during which service technicians were allegedly on standby between assignments, (3) amounts that Source Refrigeration was allegedly unjustly enriched by these action, (4) meal and rest breaks that were allegedly not provided in California, and (5) penalties, interest, and other amounts.  Source denies that it did anything wrong, and believes its policies and practices were lawful and benefited its employees.  Plaintiffs and Source view this settlement as a compromise, which they have agreed to in order to avoid the uncertainty of litigation.

**3.      Why is this a class action?**

In a class action, one or more people, called Plaintiffs, also called Class Representatives (here, Lyle Galeener, Sean Hamer, Matthew Vargas, Erik Brown, Keith Brown, Jesse Howell, and Joseph Metko), sue on behalf of themselves and other people who have similar claims.  All these people with

similar claims are called Class Members.  One court resolves the issues for all Class Members (except those who opt out) in one proceeding.  U.S. District Judge Vince Chhabria is in charge of this class action.

| **4.** | **Why is there a settlement?** |
|---|---|

The Court did not decide in favor of Plaintiffs or Source.  Instead, both sides agreed to a settlement, which, if approved, brings the litigation to an end.  That way, Plaintiffs and Source avoid the cost, delay, and uncertainty of moving forward in litigation to trial and possible appeals, and the people affected will get compensation.  The Class Representatives and the attorneys for both sides think that the settlement is best for everyone who was allegedly harmed.

## Who is in the Settlement

To see if you are eligible to get money from this settlement, you first have to determine if you are a Class Member.

| **5.** | **How do I know if I am part of the settlement?** |
|---|---|

Judge Chhabria determined that everyone who fits this description is a Class Member:  *All current and former non-exempt hourly paid service technicians who worked at least one week for Source Refrigeration & HVAC, Inc. in California during the period from October 29, 2009 through August 20, 2015, and all current and former non-exempt hourly paid service technicians who worked at least one week for Source Refrigeration & HVAC, Inc. anywhere else in the United States during the period from October 29, 2010 through August 20, 2015.*

If you are not sure whether you are included, you can ask for free help by visiting www._____.com [CPT website] or calling the Court-appointed Settlement Administrator at 1-800-xxx-xxxx.

## The Settlement Benefits—What You Get

| **6.** | **What does the settlement provide?** |
|---|---|

Source Refrigeration has agreed to pay up to $10,000,000 to cover the claims of Class Members who do not opt out of the Settlement.  Each participating Class Member will receive an initial share of that amount.    If there is some money left over after checks have been sent to all Class Members who do not opt out, that remainder will be returned to Source.  Therefore, it is very important that you tell us your new address and other contact information if your address or other contact information changes between now and the time when your check is mailed to you.  Please provide us updates at www.XXX.com [CPT website].

QUESTIONS?  CALL 1-800-xxx-xxxx TOLL FREE, OR VISIT WWW._____.COM

EAST\90800529.1

### 7.       What can I get from the settlement?

If you are a Class Member who does not opt out of the settlement, and if the settlement receives final approval from the Court, then you will be mailed a check for your share of it.  Under the current schedule, you should receive your check before the end of 2015

Attached is a Confirmation Form with your information pre-printed on it.  **If any information there is incorrect, please submit the completed Form, postmarked (or received by the Settlement Administrator by fax or e-mail) by Monday, July 13, 2015.**

Your individual share of the settlement money will depend on your particular work circumstances relative to other participating Class Members.  The relevant circumstances are: (a) the number of weeks worked during the time period covered by the settlement, (b) the state where you each worked , (c) your most recent hourly wage; and (d) your average hours worked per week during the relevant time period.  This information is listed on your customized Confirmation Form, which is attached to this Notice.  If you believe that the information listed for you on the Confirmation Form is incorrect, you should correct it in the space provided there, provide information supporting your correction, and submit the Form to the Settlement Administrator.

Your actual settlement share will be calculated by multiplying each of the four numbers above (work weeks, average hours worked, hourly rate of pay, and any state multiplier) to determine your adjusted week value.  All Class Members' adjusted week values will be added together to create the aggregate adjusted week total.  Your adjusted week value will be divided by the aggregate adjusted week total to determine your percentage share.  That percentage will be multiplied by the net settlement fund (the $10,000,000 minus attorneys' fees, costs, and Class Representative service payments) to determine your actual settlement share.

### 8.       Does Source want me to take this money?

Source wants you to cash the settlement check you will receive.  Source chose to shut down this litigation and settle the lawsuit so that proceeds would largely benefit its current and past employees, rather than go toward paying for litigation over a period of years. Source wants all Class Members to participate fully and receive payment under the terms of the settlement.

### 9.       Will there be taxes?

Your settlement payment may be taxable income -- 50% as unpaid wages (so payroll tax deductions will be taken out of this amount) and 50% as interest, liquidated damages, and penalties (so no payroll taxes will be taken out).  You will get a W-2 for the wage portion, and a Form 1099 for the payment of interest, liquidated damages, and penalties.

## How You Get a Payment

### 10.      How can I get a payment?

You need not need to do anything in order to receive money from the settlement.  If you do nothing and the settlement is approved by the Court, the Settlement Administrator will automatically

QUESTIONS?  CALL 1-800-xxx-xxxx TOLL FREE, OR VISIT WWW._____.COM

mail you a check for your share of the settlement, based on the information listed on your customized Confirmation Form, sent to the address listed on that form.

If the information listed on your customized Confirmation Form is incorrect, please correct it in the space provided there, provide information supporting that correction, and submit the corrected Confirmation Form to the Settlement Administrator, whose contact information appears on the Form. Any corrections must be received by the Settlement Administrator by mail, fax or e-mail by Monday, July 13, 2015.

If you have lost your customized Confirmation Form, you can request a new copy from the Settlement Administrator by contacting them at www._____.com [CPT website] or 1-800-xxx-xxxx.

| **11.** | **When would I get my payment?** |
|---|---|

The Court will hold a hearing on August 20, 2015, to decide whether to grant final approval to the settlement.  If Judge Chhabria approves the settlement, and there are no appeals, it is estimated that checks will be mailed by the end of 2015.  An appeal or unexpected delay is always possible.  An appeal could delay payments by a year or more, or result in the settlement being denied and no payments being made.  Please be patient.  Updates of the status of the settlement will be provided at www._____.com [CPT website] and by email.

If your contact information changes at any time, please notify the Settlement Administrator immediately, so that it can reach you with updates and your share of the settlement money.

| **12.** | **What am I giving up to get a payment or stay in the Class?** |
|---|---|

If you stay in the Class (i.e., you do not opt out), then you are staying in the Class, and that means that you give up your right to sue (begin a new lawsuit or continue with an existing one) against Source Refrigeration over the legal issues covered by the settlement in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  In other words, unless you exclude yourself following the procedure in section 13 below, you agree to the "Release of Claims" below, which describes the legal claims that you give up.

*As of the date the Final Approval Order, each Plaintiff and each Participating Class Member releases all claims – both known or unknown – (a) for worked but unpaid time; (b) for unpaid or underpaid overtime; (c) concerning rest breaks or meal breaks; and (d) concerning payroll requirements or pay practices arising out of those matters during the Covered Period arising under state statutory law or common law.*

*Upon cashing his or her Settlement Check, each Plaintiff and each Endorsing Class Member releases all claims – both known or unknown – (a) for worked but unpaid time; (b) for unpaid or underpaid overtime; (c) concerning rest breaks or meal breaks; and (d) concerning payroll requirements or pay practices arising out of those matters during the Covered Period arising under the Fair Labor Standards Act.  Further, each Plaintiff and each Endorsing Class Member, by cashing his or her Settlement Check, opts into the Action within the meaning of the Fair Labor Standards Act.*

*In addition, each Plaintiff and each Participating Class Member who worked in California acknowledges that claims may hereafter be discovered that are in addition to or different from those*

- 7 -

*that are now known or believed to exist with respect to the subject matter of this Settlement Agreement and which, if known or suspected at the time of executing this Settlement Agreement, may have materially affected the decision to become bound by this Settlement Agreement.  Each Plaintiff and each Participating Class Member who worked in California understand that they are waiving as to all claims – both known or unknown – (a) for worked but unpaid time; (b) for unpaid or underpaid overtime; (c) concerning rest breaks or meal breaks; and (d) concerning payroll requirements or pay practices arising out of those matters during the Covered Period all rights and benefits afforded by Section 1542 of the California Civil Code, which provides*:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

# Excluding Yourself From the Settlement

If you don't want a payment from this settlement or don't want to give up your right to sue Source, then you may need to take steps to get out.  This is called excluding yourself from – or opting out of – the settlement Class.   Also, if you have a pending lawsuit against Source, speak to your lawyer in that lawsuit immediately because you may have to exclude yourself from this Class to continue your own lawsuit.

| **13.** | **How do I get out of the settlement?** |
|---|---|

To exclude yourself from (opt out of) the settlement, you must submit an Opt-Out Request. This is a letter from you to the Settlement Administrator.  The Opt-Out Request must (1) say that you want to be excluded from *Galeener v. Source Refrigeration & HVAC, Inc.*, (2) say that you understand that you will not receive money from the Settlement, (3) include your name, address, telephone number, signature, and either your Source employee ID number or the last four digits of your Social Security number, (4) be received by the Settlement Administrator by mail, email, or fax by Monday, July 13, 2015, at the contact information below.

[name]
*Galeener v. Source Refrigeration* Settlement
[address]
[fax]
[email]

You cannot exclude yourself (opt out) by phone.  If you opt out, you will not get any settlement payment and cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Source in the future.

| **14.** | **If I exclude myself, can I get money from this settlement?** |
|---|---|

No.  If you exclude yourself, you cannot receive a share of the settlement.  But you may sue, continue to sue, or be part of a different lawsuit against Source.

## Your privacy

| 15. | Will my manager know whether or how I responded to this Notice? |
|---|---|

Source Refrigeration has agreed to maintain confidentiality regarding whether and how you respond to this Notice.  First of all, Confirmation Forms and settlement checks are being handled by an independent, experienced, Court-appointed Settlement Administrator.

Information about which Class Members submit Confirmation Forms, cash Settlement checks, opt out, and/or comment on the Settlement will be shared with Source only as necessary to implement the settlement, including but not limited to evaluating disputes from Class Members regarding information provided to them in the Confirmation Form.

## The Lawyers Representing You

| 16. | Do I have a lawyer in this case? |
|---|---|

The Court appointed the following attorneys to represent you and the other Class Members: Galvin B. Kennedy and Gabriel Assaad of Kennedy Hodges, LLP; Jahan C. Sagafi and Christopher M. McNerney of Outten & Golden LLP; and John M. Padilla of Padilla & Rodriguez, LLP.  Together, the lawyers are called Class Counsel or Plaintiffs' Counsel.  You will not be charged for these lawyers' work in securing the settlement benefits for you and the other Class Members.  These lawyers receive a percentage of the total amount Source is paying to settle this case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | Who Are the Attorneys for the Parties |
|---|---|

*Your lawyers ("Class Counsel")*

Galvin B. Kennedy
Gabriel Assaad
**KENNEDY HODGES, L.L.P.**
711 W. Alabama Street
Houston, Texas 77007
Telephone: (713) 523-0001
Facsimile: (713) 523-1116


Jahan C. Sagafi
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

*Defendant Source's lawyers*

Benjamin M. Gipson (SBN 222830)
ben.gipson@dlaiper.com
Katharine J. Liao (SBN 255157)
katharine.liao@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Tel.: (310) 595-3000
Fax: (310) 595-3300

- 9 -

Christopher McNerney
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

John M. Padilla
**PADILLA & RODRIGUEZ, L.L.P.**
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (213) 244-1401
Facsimile: (213) 244-1402

| 18. | How will Class Counsel and the Named Plaintiffs be paid? |
|---|---|

Class Counsel will ask the Court for attorneys' fees of 30% of the total settlement amount, up to $3,000,000 and out-of-pocket costs of up to $195,000, according to the terms of the Settlement Agreement. The fees will pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The costs will reimburse Class Counsel for expenses they have paid during the litigation. The attorneys' fees and costs, as awarded by the Court, shall be paid from the $10,000,000 fund created by the settlement. In addition, Class Counsel will apply to the Court for service awards of $27,000, $25,000, $15,000, and $2,000 for Class Representatives Matthew Vargas, Lyle Galeener, Sean Hamer, Erik Brown, Keith Brown, Jesse Howell, and Joseph Metko, respectively, for a total of $75,000. These service awards are being requested to compensate the Class Representatives for the time, effort, and risk they incurred in asserting claims on behalf of you and the other Class Members. These service awards, as determined by the Court, will also be paid from the $10,000,000 fund created by the settlement.

Class Counsel's fees are being paid by Source based partly on how many Class Members deposit their Settlement checks. If some Class Members do not deposit their Settlement checks, then Class Counsel will not receive the full fee awarded by the Court.

## Commenting on (including objecting to) the settlement

You can tell the Court what you think about the settlement.

| 19. | How do I tell the Court that I like or don't like the settlement? |
|---|---|

If you are a Class Member, you can comment on (including object to) the settlement. You can give reasons why you think the Court should or should not approve it. The Court will consider your views. To comment, you must send a letter with your comment to the Settlement Administrator at the address listed in section 12; it must be received by the Settlement Administrator by fax, mail, or e-mail by Monday, July 13, 2015. You must include (1) your name, address, telephone number, and

QUESTIONS?  CALL 1-800-xxx-xxxx TOLL FREE, OR VISIT WWW._____.COM

signature, (2) the reasons for your comment on the settlement, (3) whether you intend to appear at the Fairness Hearing (which is described in section 18, below), either in person or through counsel, and (4) if you will appear through an attorney, your attorney's name, address, and telephone number.  If you want to speak at the Fairness Hearing without having followed these procedures, you may do so if you demonstrate good cause to the Court.

| 20. | What's the difference between objecting and excluding? |
|---|---|

Objecting is telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.

Excluding yourself is telling the Court that you don't want to be part of the Class (in order to preserve your right to sue Source in another lawsuit).  If you exclude yourself, you have no basis to object because the case no longer affects you.

# The Court's Fairness Hearing

The Court will hold a Fairness Hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to do either.

| 21. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a Fairness Hearing at 10:00 a.m. on Thursday, August 20, 2015, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, before Judge Vince Chhabria.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Chhabria will listen to people who have asked to speak at the hearing, if any.  The Court may also decide how much the Class Representatives should receive in service awards, and how much Class Counsel should receive in attorneys' fees and costs.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.  The Fairness Hearing may be postponed without further notice to the Class.

| 22. | Do I have to come to the hearing? |
|---|---|

No.  Class Counsel represents you and will answer questions Judge Chhabria may have.  But you are welcome to come at your own expense.  If you send a comment (or an objection), you don't have to come to court to talk about it.  As long as you submit it properly (according to the requirements in section 19, above), the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

| 23. | May I speak at the hearing? |
|---|---|

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must follow the procedure described in section 16, above.  You will not be allowed to speak at the hearing if you have excluded yourself because the case will no longer affect you.

QUESTIONS?  CALL 1-800-xxx-xxxx TOLL FREE, OR VISIT WWW._____.COM

EAST\90800529.1

## If You Do Nothing

| 24. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you <u>will</u> (1) receive a settlement payment, (2) remain a Class Member, and (3) give up your right to pursue legal claims covered by the release described in section 10.

## Getting More Information

| 25. | Are there more details about the settlement? |
|---|---|

This Notice is intended to be a summary of the terms of the Settlement.  The Settlement Agreement and other important documents in this lawsuit are all available at www.____.com [CPT website] and can be requested by contacting the Settlement Administrator at _____.

- 12 -

QUESTIONS?  CALL 1-800-xxx-xxxx TOLL FREE, OR VISIT WWW._____.COM

Exhibit B

<u>**CONFIRMATION FORM**</u>

***Galeener v. Source Refrigeration & HVAC, Inc.* Class Action Settlement**

**INSTRUCTIONS:**

- This Confirmation Form includes your contact information, work information, and estimated Settlement payment amount.  **If you do nothing, we expect that a check will be sent to you at the address below by the end of 2015.**
- Please correct all incorrect information below by completing this Confirmation Form and submitting it to the Settlement Administrator.
- Please read the attached Notice before completing this Confirmation Form.  This Confirmation Form is being sent by the Court-appointed Settlement Administrator. If the information below is correct, please do not submit this Form; if you believe the information below concerning your employment is incorrect,   this Form must be returned in time to be received   by **Monday, July 13, 2015.**

**CALCULATION OF YOUR EXPECTED SETTLEMENT PAYMENT:**

- This Settlement provides for $10,000,000 to be paid to approximately 1,246 Source service technicians across the United States, after payment of Plaintiffs' counsel's attorneys' fees and costs, administration costs, and enhancement awards to the Plaintiffs.  It is estimated that $6,700,000 will remain for Class Members to share after these expenses and costs are taken out.  If the Settlement is approved as presented to the Court, your Settlement payment will be based on the strength of your individual claim as measured by (1) the number of weeks you worked, (2) your most recent rate of pay, (3) a state specific multiplier based on where you worked, and (4) the average number of hours you worked.
- If the Court approves the Settlement, and money is to be distributed, the Settlement Administrator will precisely calculate each participating Class Member's Settlement payment.
- Your Settlement payment will be subject to income taxes.  The Settlement Administrator will send you a W-2 form and a 1099 form confirming the amount of your Settlement payment and the taxes withheld.  From those forms, you will be able to determine any additional taxes owed on those payments.  Please consult a tax expert to determine the exact taxes owed.

1.    <u>**Your Contact Information**</u>

Please correct all errors below.  The address listed below is where we will send your Settlement check if the Settlement is approved.  Please provide as much information as possible, so that we can update you with news and get your Settlement check to you.

<<Name>>                                                    _____

<<Address>>                                                _____

<<City>>,  <<State>>  <<Zip Code>>            _____

<<Email>>                                                    _____

<mark>Source Employee ID #: << Employee ID #>></mark>        _____

The following additional information will help us reach you if we have questions or difficulty sending you your settlement check.

<mark>Last four digits of Social Security number: <<SSN>></mark>

_____

Telephone number (cell):                          _____

Telephone number (home):                        _____

Personal E-mail:                                         _____

2.      **Your Dates of Employment, Work Location, and Most Recent Hourly Wage**

Source Refrigeration's records show that it employed you as a service technician since October 29, 2009 in California, or since October 29, 2010 anywhere else in the United States, as follows:

| Start Date | End Date | State(s) | Most Recent Hourly Wage | Average Hours Worked |
|---|---|---|---|---|
| <<start>> | <<end>> | <<state>> | <<wage>> | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**A.  Time period covered.**  This chart only shows the time covered by this Settlement, and excludes all time before October 29, 2009 and any time worked outside the service technician position.

**B.  Correcting errors.**  If you believe that any of the information listed above is incorrect, please (i) correct that information in the space below (using additional paper if necessary), and (ii) enclose documentary evidence supporting your correction(s).

_____

_____

_____

_____

_____

_____

_____

**Note:**   If you do not submit a correction, you waive your right to challenge the above pre-printed information.  By submitting a correction, you are authorizing the Settlement Administrator to review Source's records and make a determination based on Source's records and the records you submit.  This determination may increase or decrease the value of your share of the settlement.  All such determinations by the Settlement Administrator are final and binding with no opportunity for further appeal.

3.     **Postmark Deadline**

If you are correcting information, this Form must be received by Monday, July 13, 2015.  Late Confirmation Forms will not be accepted absent good cause shown. This Confirmation Form must be mailed or delivered to the Settlement Administrator at:

*Galeener v. Source Refrigeration* Class Action Settlement
[name of Settlement Administrator]
[address]
Tel.:  [phone]  Fax:  [fax]
[email]

4.     **Questions?**

If you have questions regarding this Confirmation Form or the Settlement, please contact the Settlement Administrator at the number above or the attorneys for either party:

| Your lawyers ("Class Counsel"): | Source's lawyers: |
|---|---|
| Jahan C. Sagafi | Benjamin M. Gipson |
| OUTTEN & GOLDEN LLP | DLA PIPER LLP (US) |
| One Embarcadero Center, 38th Floor | 2000 Avenue of the Stars |
| San Francisco, CA 94111 | Suite 400 North Tower |
| (415) 638-8800 | Los Angeles, CA 90067 |
| | (310) 595-3000 |

.

5.     **Signature**

I declare that the information set forth (including any corrections I have made), is true and correct, to the best of my knowledge.


Dated: _____, 2015     Signed: _____