Galvin B. Kennedy, *Pro Hac Vice*
gkennedy@kennedyhodges.com
Gabriel Assaad, *Pro Hac Vice*
gassaad@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama Street
Houston, TX  77006
Telephone:  (713) 523-0001
713-523-1116

John M. Padilla (Cal. Bar No. 279815)
jpadilla@pandrlaw.com
PADILLA & RODRIGUEZ, L.L.P.
601 South Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: (213) 244-1401
Facsimile: (213) 244-1402

Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810

Christopher McNerney *Pro Hac Vice*
cmcnerney@outtengolden.com
OUTTEN & GOLDEN LLP
3 Park Ave
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Attorneys for Plaintiffs, Lyle E. Galeener and the Putative Class

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

LYLE E. GALEENER, SEAN HAMER
and MATTHEW VARGAS, Individually
and On Behalf of All Others Similarly
Situated,

Plaintiffs,

V.

SOURCE REFRIGERATION & HVAC,
INC.,

Defendant.

Case Number: 3:13-cv-04960-VC

[~~PROPOSED~~] ORDER GRANTING
FINAL APPROVAL OF SETTLEMENT

1    On August 20, 2015, a hearing was held on the unopposed motion of Plaintiffs Lyle
2    Galeener, Matthew Vargas and Sean Hamer for final approval of the class settlement; and on the
3    separate motion of Plaintiffs and their counsel for awards of the Class Representative Service
4    Payments and the Class Counsel Attorneys' Fees and Costs Payment.  Galvin B. Kennedy, Jahan
5    C. Sagafi and John M. Padilla appeared for Plaintiffs; and  Lucas Munoz                        ,
6    appeared for Source.

7    The Parties have submitted their Joint Stipulation of Class Settlement and Class
8    Settlement Agreement (the "Settlement"), which this Court preliminarily approved in its March
9    13, 2015 order (the "Preliminary Approval Order").   In accordance with the Preliminary
10   Approval Order, Class Members have been given notice of the terms of the Settlement and the
11   opportunity to submit a claim form, comment on the settlement, and/or opt out of its provisions.
12   In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"),
13   Source has given the Attorney General of the United States and the appropriate state officials in
14   the states in which the Class Members reside timely notice of the Settlement.

15   Having received and considered the Settlement, the supporting papers filed by the Parties,
16   and the evidence and argument received by the Court at the final approval hearing on August 20,
17   2015, by means of this order (the "Final Approval Order") the Court grants final approval to the
18   Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

19   **Definitions**

20   1.    Except as otherwise specified herein, the Court for purposes of this Final
21   Approval Order adopts all defined terms set forth in the Settlement.

22   **Jurisdiction**

23   2.    This Court has jurisdiction over the subject matter of this litigation and all related
24   matters and all state and federal claims raised in this action and released in the Settlement, and
25   personal jurisdiction over Source and all Class Members (except for those who timely filed opt
26   out requests).  Specifically, this Court has federal question jurisdiction over this action pursuant
27   to 28 U.S.C. section 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29
28   U.S.C. § 216(b).

[PROPOSED] ORDER GRANTING FINAL APPROVAL
CASE NO. 3:13-CV-04960-VC

3.     This Court also has supplemental jurisdiction over all state-law claims asserted by Plaintiffs because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.  *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state-law claims that "form part of the same case or controversy"); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996) (holding that federal courts have supplemental jurisdiction over state law claims that arise from the same "common nucleus of operative fact" such that the parties "would ordinarily be expected to try them all in one judicial proceeding").

4.     This Court also has jurisdiction to approve the Settlement's release of claims by Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) ("[A] federal court may release not only claims alleged in the complaint, but also state claims arising from the same nucleus of operative facts over which the court would not have jurisdictional competence.")).

**Dissemination of notice to Class Members**

5.     Pursuant to the Preliminary Approval Order, notice and an individualized claim form was sent to each Class Member by personal email and by first-class mail.  The notice was clear and organized, following the model forms provided by the Federal Judicial Center at www.fjc.gov.  The notice materials informed Class Members of the terms of the Settlement, how their settlement share would be calculated, how to receive their settlement share, how to challenge the pre-printed data provided by Source that would be used to calculate their settlement share, their right to comment on (including object to) the Settlement or opt out of the Settlement to pursue their claims individually, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.

6.     The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision

regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in the manner prescribed by the Settlement.  The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

### Notice to attorneys general pursuant to CAFA

7.     Pursuant to CAFA, within 10 days after the filing of the motion seeking preliminary approval of the Settlement, Source served upon the Attorney General of the United States and the appropriate state officials of the states in which the Class Members reside a notice of the Settlement consisting of: a copy of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement; the proposed Notice; and the names of Class Members and their estimated proportionate share of the entire Settlement.  The Notice of Settlement also invited comment on the Settlement.  This Final Approval Order is being entered at least 90 days after the later of the dates on which the appropriate federal and state officials were served with the notice of proposed settlement.

8.     The Court finds and determines that Source's notice of Settlement was timely, adequate, and compliant with the statutory requirements of CAFA.  Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

### Certification under Fed. R. Civ. P. 23 and the FLSA

9.     For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the proposed Settlement Class, as defined in the definitions section of the Settlement and in section II of its Preliminary Approval Order, meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that the Settlement Class is finally approved and certified as a Class for purposes of settlement of this action.

10.     For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the action meets all of the legal requirements for certification as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the three-year period preceding the filing of Plaintiffs' complaint, and it is hereby ordered that the action is certified as a

collective action for purposes of settlement of this action.

**Fairness**

11.     Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.   The Court specifically finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.   This Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Class Members and Source, under the supervision of an experienced and independent third-party mediator, after thorough factual and legal investigation.  *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs*, 955 F.2d at 1291.

12.     The Court finds and determines that the payments to be made to the Class Members as provided for in the Settlement are fair and reasonable. The proposed plan of allocation bases each Class Member's recovery on (a) the number of weeks during the Covered Period worked by the Class Member, (b) the average hours worked during the Compensable Work Weeks by the Class Member, (c) the hourly rate paid to each Class Member during the last available Compensable Work Week, and (4) whether the Class Member worked in California. The plan of allocation is rational.  The Court hereby gives final approval to and orders the payment of those amounts be made to the claimants out of the $10,000,000 Settlement Payment in accordance with the terms of the Settlement.

**Class Member response**

13.     The Court further finds that the response of the Class Members to the Settlement supports settlement approval.  Of the 1145 Class Members, only 1 opted out of the Settlement. No Class Member objected to the Settlement.

**Appointment of Class Representative; service payment**

14.     The Court confirms as final the appointment of Lyle Galeener as Class

Representative of the Arizona, California and Nevada Rule 23 Classes, Matthew Vargas as Class Representative of the Colorado Rule 23 Class, Erik Brown as Representative of the Florida, Georgia and Oregon Rule 23 Classes, Jesse Howell as Class Representative of the Idaho Rule 23 Class, Keith Brown as Class Representative of the New Mexico Rule 23 Class, Sean Hamer as Class Representative of the Texas Rule 23 Class, Joseph Metko as Class Representative of the Washington Rule 23 Class, and Messrs. Galeener, Vargas, E. Brown, Howell, K. Brown and Hamer as Class Representatives of the nationwide FLSA Class under section 16(b). The Court finds and determines that the award of $27,000 to Mr. Vargas, $25,000 to Mr. Galeener, $15,000 for Mr. Hamer and $2,000 each for Messrs. E. Brown, K. Brown, Howell and Metko, for their services as Class Representatives, in addition to their individual Settlement Shares, is fair and reasonable.

15.    The Plaintiffs have satisfied the criteria as set forth in *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).  Under *Staton*, such awards should be evaluated using "'relevant factors, includ[ing] the actions the Plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, … the amount of time and effort the Plaintiff expended in pursuing the litigation … and reasonabl[e] fear[s] of workplace retaliation.'" *Staton*, 327 F.3d at 977 (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)) (ellipses in original).  Here, Lyle Galeener's initiation of this suit, Matthew Vargas' initiation of *Vargas v. Source Refrigeration HVAC, Inc*., No. 2013-cv-32936-00712145-CU-OE-CXC (Denver County) ("*Vargas*") and Sean Hamer's initiation of *Hamer v. Source Refrigeration HVAC, Inc*., No 1:14-cv-570-55 (W.D. Tex.) caused them personal exposure and potential adverse consequences with future employers.  Likewise, Messrs. E. Brown, K. Brown, Howell and Metko have taken risks by affiliating themselves publicly with the lawsuit; their representation of the Florida, Georgia, Idaho, Oregon and Washington Class Members enhanced the case's value overall by increasing Source's potential exposure.

16.    The Class Representative's assertion of state law claims on behalf of their fellow Class Members tolled the statutes of limitations for those state law claims, to the benefit of the Class Members who worked or work in those states. Furthermore, Class Counsel attests that

Messrs. Galeener, Vargas and Hamer were substantially involved throughout the litigation, educating Class Counsel regarding Class Members' job duties and Source's policies and procedures.  Messrs. Galeener, Vargas and Hamer also attended the second mediation in this case.  The Court hereby gives final approval to and orders that the Class Representative Payments as set forth herein be made to Plaintiffs out of the Qualified Settlement Fund in accordance with the terms of the Settlement.

### Appointment of Class Counsel; attorneys' fees and costs

17.     The Court confirms as final the appointment of the following law firms and attorneys as class counsel ("Class Counsel") for the Rule 23 and FLSA Classes: Galvin B. Kennedy and Gabriel Assaad of Kennedy Hodges, LLP, Jahan C. Sagafi and Christopher McNerney of  Outten & Golden LLP and John M. Padilla of Padilla & Rodriguez, LLP.  The Court finds and determines that the payment of $3,000,000 in attorneys' fees and $195,000 in litigation costs and expenses, for a total payment of $3,195,000 to Class Counsel, is fair and reasonable and consistent with Ninth Circuit fee jurisprudence. *See*, *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec. Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994). The Court hereby gives final approval to and orders that that payment of that amount be made to Class Counsel out of the Qualified Settlement Fund in accordance with the terms of the Settlement.

### Settlement Administrator report

18.     Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

### Release

19.     By operation of the entry of this Final Approval Order and pursuant to the Settlement, all Participating Class Members are permanently barred from prosecuting against Source any Participating Class Member Released Claim as set forth in section XVI of the Settlement.  The Court has reviewed the release in section XV of the Settlement and finds it to be fair, reasonable, and enforceable under Rule 23, the FLSA, and all other applicable law.

1

2       **Contingency on finality**

3           20.     If, for any reason, the Settlement ultimately does not become Final (as defined in

4   the Settlement, section I(P)), this Final Approval Order will be vacated; the Parties will return to

5   their respective positions in this action as those positions existed immediately before the parties

6   executed the Settlement; and nothing stated in the Settlement or any other papers filed with this

7   Court in connection with the Settlement will be deemed an admission of any kind by any of the

8   Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in

9   this action or in any other action.

10      **No admission of liability**

11          21.     The Parties entered into the Settlement solely for the purpose of compromising

12  and settling disputed claims.  Source in no way admits any violation of law or any liability

13  whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being

14  expressly denied by Source.  Source in no way admits that this action could have been properly

15  maintained as a collection action or a class action if it had not been settled.

16      **Final judgment and dismissal**

17          22.     By means of this Final Approval Order, this Court hereby enters final judgment in

18  this action, as defined in Federal Rule of Procedure 58(a)(1).

19          23.     Without affecting the finality of the Court's judgment in any way, the Court

20  retains jurisdiction over this matter for purposes of resolving issues relating to interpretation,

21  administration, implementation, effectuation and enforcement of the Settlement.  Nothing in this

22  Final Approval Order will preclude any action to enforce the Parties' obligations under the

23  Settlement or under this order, including the requirement that Source make the Settlement

24  Payment in accordance with the terms of the Settlement.

25          24.     The Parties are hereby ordered to comply with the terms of the Settlement.

26          25.     This action is dismissed with prejudice, each side to bear its own costs and

27  attorneys' fees except as provided by the Settlement and the Court's orders.

28

1

2    Dated: August 20 , 2015

3                                              The Honorable Vince Chhabria
                                               United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL
CASE NO. 3:13-CV-04960-VC