Galvin B. Kennedy, *Pro Hac Vice*
gkennedy@kennedyhodges.com
Gabriel Assaad, *Pro Hac Vice*
gassaad@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama Street
Houston, TX 77006
Telephone: (713) 523-0001
713-523-1116

John M. Padilla (Cal. Bar No. 279815)
jpadilla@pandrlaw.com
PADILLA & RODRIGUEZ, L.L.P.
601 South Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: (213) 244-1401
Facsimile: (213) 244-1402

Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

Christopher McNerney *Pro Hac Vice*
cmcnerney@outtengolden.com
OUTTEN & GOLDEN LLP
3 Park Ave
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Attorneys for Plaintiffs, Lyle E. Galeener and the Putative Class

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LYLE E. GALEENER, SEAN HAMER and MATTHEW VARGAS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>V.<br><br>SOURCE REFRIGERATION & HVAC, INC.,<br><br>Defendant. | Case Number: 3:13-cv-04960-VC<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND AWARD OF CLASS REPRESENTATIVE SERVICE PAYMENTS** |

WHEREAS, the Court considered the Joint Stipulation of Class Settlement and Settlement Agreement ("Settlement Agreement") (Docket No. 119-2), and preliminarily approved the same on March 13, 2015;

WHEREAS, the Court entered an Order directing that notice be disseminated to the Class Members (Docket No. 131), and notice was disseminated properly in accordance therewith, including individual mailing of the notice to the Class Members;

WHEREAS, the Court conducted a Fairness Hearing concerning the proposed settlement; and

WHEREAS, the Court reviewed Class Counsel's Motion for Final Approval of an Award of Attorneys' Fees, Reimbursement of Expenses and Costs, and Award of Class Representative Service Payment; the Memorandum of Points and Authorities in Support of that motion; the declarations submitted in support thereof; and the entire record of this action; and for good cause appearing,

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this action, the Defendant, and the Class.

2. Notice of the requested award of attorneys' fees, reimbursement of costs and expenses, and award of class representative service payment was directed to Class Members in a reasonable manner, and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

3. Class Members and any party from whom payment is sought have been given the opportunity to object in compliance with Fed. R. Civ. P. 23(h)(2).

4. The requested award of $3,000,000 in attorneys' fees is reasonable under the percentage of the common fund method, as it is consistent with Ninth Circuit authority. *See*, *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) (affirming award of 28% of $96.885 million common fund, while recognizing that the percentage of an award generally increases as the common fund decreases); *In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming award of 33% of $12 million common fund); *In re Activision Sec. Litig.*, 723 F. Supp. at 1375 (awarding 32.8% of $3.5 million common fund); *In re Mego Fin.*

1  *Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming award of 33.3% of $1.725 million); *see also In re Activision Sec. Litig*., 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (surveying cases and stating, "in class action common fund cases the better practice is to set a percentage fee and that, absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%."). The Court reaches this conclusion based on attorneys' fees awards issued in similar wage and hour cases in this District, and the fact that the common fund of $10,000,000 was created for Class Members through the efforts of Class Counsel. *See, e.g., Moore v. PetSmart, Inc*., No. 12 Civ. 3577, 2014 WL 1927309, at *5 (N.D. Cal. May 14, 2014) (preliminary approval) (30% fee award; $10 million common fund); *Covillo v. Specialtys Cafe*, No. 11 Civ. 594, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014) (30% fee award; $2 million common fund); *see also Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (33.3% fee award; $300,000 common fund) (collecting cases). As recently observed by Chief Judge Wilken, a fee award of 30% "is only modestly more than the Ninth Circuit's 25% 'benchmark' percentage" and "[i]n light of the many cases in this circuit that have granted fee awards of 30% or more" it is "well within the usual range of percentages awarded." *Vedachalam v. Tata Consultancy Servs., Ltd*, No. 06 Civ. 963, 2013 WL 3941319, at *2 (N.D. Cal. July 18, 2013) (collecting cases awarding 30% or more).

5.   The requested fee award is also reasonable under the lodestar method. The Court has reviewed the hours devoted to this case by Class Counsel and their rates and concludes that they are reasonable. The resulting multiplier of 2.67 is reasonable in light of the time and labor required, the difficulty of the issues involved, the requisite legal skill and experience necessary, the excellent and quick results obtained for the Class, the contingent nature of the fee and risk of no payment, and the range of fees that are customary. *Vizcaino*, 290 F.3d at 1052-54; *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming award with multiplier of 6.85); *see also* Newberg, *Attorney Fee Awards,* § 14.03 at 14-5 (1987) ("multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied."); *Rabin v. Concord Assets Group, Inc.*, No. No. 89 Civ. 6130 (LBS), 1991 WL 275757 (S.D.N.Y. 1991) (4.4 multiplier) ("In recent years multipliers of between 3 and 4.5 have become

1  common.") (internal quotations and citations omitted); *In re Xcel Energy, Inc., Securities,*
2  *Derivative & "'ERISA" Litig.*, 364 F. Supp. 2d 980, 998-99 (D. Minn. 2005) (approving 25%
3  fee, resulting in 4.7 multiplier); *In re Aremissoft Corp. Sec. Litig.*, 210 F.R.D. 109, 134-35
4  (D.N.J. 2002) (approving 28% fee, resulting in 4.3 multiplier); *Maley v. Del Global Techs.*
5  *Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (approving 33.3% fee, resulting in "modest
6  multiplier of 4.65"); *Di Giacomo v. Plains All Am. Pipeline*, Nos. 99-4137 & 99-4212, 2001 WL
7  34633373, at *10-11 (S.D. Fla. Dec. 19, 2001) (approving 30% fee, resulting in 5.3 multiplier);
8  *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 198 (S.D.N.Y. 1997) (5.5 multiplier); *Roberts v.*
9  *Texaco*, 979 F. Supp. 185 (S.D.N.Y. 1997) (approving multiplier of 5.5); *Weiss v. Mercedez-*
10 *Benz*, 899 F. Supp. 1297 (D.N.J. 1995) (approving multiplier of 9.3); *Weiss v. Mercedes-Benz of*
11 *N. Am., Inc.*, 899 F. Supp. 1297, 1304 (D.N.J. 1995) (9.3 multiplier), *aff'd*, 66 F.3d 314 (3d Cir.
12 1995);.

   6.   Class Counsel seek reimbursement of litigation expenses of $182,299.09, which is less than the $195,000 cap requested under the Settlement. The litigation costs and expenses incurred by Class Counsel have been adequately documented and were reasonably incurred for the benefit of the Class. The Court finds that reimbursement of $182,299.09 in costs and expenses is justified.

   7.   The requested class representative service payments of $27,000 to Mr. Vargas, $25,000 to Mr. Galeener, $15,000 for Mr. Hamer and $2,000 each for Erik Brown, Keith Brown, Jesse Howell and Joseph Metko are fair and reasonable in light of the time and effort the Class Representatives expended for the benefit of the Class Members, as well as the risk accepted by initiating the litigation and publicly representing the Class. *See, e.g.*, *Glass v. UBS Financial Services, Inc.*, Case No. C-06-4068 MMC, 2007 WL 221862, at *16-17 (N.D. Cal. Jan. 26, 2007) ($25,000 each to four class representatives); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) ($50,000 to one class representative); *Stevens v. Safeway, Inc.*, No. CV 05-01988, 2009 U.S. Dist. LEXIS 17119, *34-37 (C.D. Cal. Feb. 25, 2008) ($20,000 and $10,000 to two class representatives); *In Re Janney Montgomery Scott LLC Financial Consultant Litig.*, No. 06-3202, 2009 U.S. Dist. LEXIS 60790, at *35-37 (E.D. Pa. July 16, 2009) ($20,000 each to

1  three class representatives); *Wade v. Kroger Co.*, No. 3:01-CV-699, 2008 WL 4999171, at *13
2  (W.D. Ky. Nov. 20, 2008) ($30,000 each to multiple class representatives); *Wright v. Stern*, 553
3  F. Supp. 2d 337, 342 (S.D.N.Y. 2008) ($50,000 each to eleven class representatives ); *In re Dun*
4  *& Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) ($35,000-
5  55,000 each to five class representatives).

**THE COURT HEREBY ORDERS:**

Class Counsel are hereby awarded attorneys' fees in the amount of $3,000,000, and reimbursement of costs and expenses in the amount of $182,299.09. The Settlement Administrator is hereby awarded $28,750 for services already provided and to be provided in implementing the Settlement. Plaintiff Matthew Vargas is awarded $27,000, Plaintiff Lyle Galeener is awarded $25,000, Plaintiff Sean Hamer is awarded $15,000 and Plaintiffs Erik Brown, Keith Brown, Jesse Howell and Joseph Metko are awarded $5,000 each.

IT IS SO ORDERED.

Dated: August 21, 2015

The Honorable Vince Chhabria
United States District Judge